1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   D.K., by and through his          No. 2:08-cv-00534-MCE-DAD
     conservator, G.M.; G.M.,
12   individually; M.W., by and
     through her guardians ad litem,
13   L.W. and B.W.; B.W. and
     L.W., individually,
14
              Plaintiffs,
15
          v.                            MEMORANDUM AND ORDER
16
     SOLANO COUNTY OFFICE OF
17   EDUCATION; SOLANO BOARD OF
     EDUCATION; DEE ALARCÓN,
18   Superintendent; et al.,

19            Defendants.

20

21                        ----oo0oo----

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                              1

Through the present action, Plaintiffs D.K., G.M., M.W., L.W., and B.W. seek injunctive and monetary relief from Defendants Solano County Office of Education ("SCOE") and Superintendent Dee Alarcón ("Superintendent Alarcón"); Solano County Board of Education ("SCBE") and its individual board members ("Solano Board Members"); Benicia Unified School District ("BUSD"), Superintendent Janice Adams and Director of Special Services Clare Davies; BUSD Board of Education ("BBOE") and its individual members ("Benecia Board Members"); Karla Buckley, Teacher; Sandra Perez, Class Room Aide; Shannon Ingersoll, Class Room Aide; and Ruthie Garcia, Class Room Aide, for claims arising under 42 U.S.C. §§ 12101, et seq. ("ADA"), section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, California Civil Code §§ 51 and 54, and California Government Code §§ 11135, et seq. Declaratory relief and non-statutory state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress and battery are also alleged.

Presently before the Court is SCOE, Superintendent Alarcón, SCBE and Solano Board Members' (collectively "Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Fed. Civ. P. 12(b)(6)[1] on grounds that Plaintiffs fail to state a claim upon which relief may be granted. Specifically, Defendants move to dismiss all Causes of Action against Superintendent Alarcón and Solano Board Members, and to dismiss Plaintiffs' First, Second, Third, Fourth, Fifth and Twelfth Causes of Action against SCOE and SCBE.

---

[1] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

For reasons set forth below, Defendants' Motion to Dismiss is GRANTED in part, and DENIED in part.

## BACKGROUND[2]

Plaintiff D.K. ("DK") is a nineteen-year old student who lives within the SCOE school district.  He has multiple disabilities, which include epilepsy, cerebral palsy, and, physical and developmental disabilities along with cognitive impairment.  DK currently attends a county special education program at Benicia High School.  Plaintiff G.M. ("GM") is DK's parent and also an employee of SCOE.

The second named Plaintiff, M.W. ("MW"), is a twenty-year old student who lives within the SCOE school district.  She has multiple disabilities, which include cognitive impairment and a psychosis allegedly resulting from Defendants' abuse.  MW also attends the county special education program at Benecia High School.  Plaintiffs L.W. ("LW") and B.W. ("BW") are MW's parents and guardians ad litem.

DK and MW attended Benicia High School special education classes from August 2004 to present.  During this period of time, Plaintiffs allege that DK's teacher, Karla Buckley ("Buckley"), and class room aide, Sandra Perez ("Perez"), physically abused DK by covering his hands in glue as punishment for his disability related behavior, then watching in amusement.

---

[2] The factual assertions in this section are based on the allegations in Plaintiffs' First Amended Complaint unless otherwise specified.

Plaintiffs further allege that Buckley and Perez physically abused DK by forcing him to walk on his injured foot.  Buckley and Perez allegedly made DK walk on his foot despite knowledge of DK's recent surgery because Buckley and Perez have a personal animus towards DK due to his disability related behaviors. Plaintiffs also claim that Buckley and Perez restrained DK by tying him to his wheelchair, reclined it, then left the wheelchair in an inverted position for an extended period of time.  Plaintiffs further allege that Buckley and Perez subjected DK to sub-human and humiliating conditions by permitting him to sit in his own feces.  Plaintiffs claim that DK's other class room aides, Shannon Ingersoll ("Ingersoll") and Ruthie Garcia ("Garcia"), failed to intervene during the above described incidents.

Plaintiffs allege that Buckley and Perez also abused MW. Plaintiffs assert that MW's medications have a noted effect of making her drowsy.  As punishment for sleeping, Buckley and Perez allegedly forced MW to stand atop a chair for prolonged periods of time in front of her classmates.  Plaintiffs claim that on at least one occasion, MW fell from the chair and injured herself. Plaintiffs also allege that Buckley and Perez repeatedly taunted and ridiculed MW by offering her rewards, then revoking them without reason.  Plaintiffs assert that MW developed a psychosis because of these actions.

On or around March 6, 2007, Plaintiff GM, DM's parent and conservator, received a phone call from North Bay Regional Center ("Regional Center") which allegedly informed her that DK had been abused by Buckley and Perez.

Plaintiffs assert that GM contacted SCOE to obtain more information and was told that an investigation was being conducted, that Buckley and Perez had been terminated, and that DK was not hurt.

On March 7, 2007, Plaintiffs claim that GM contacted the Regional Center and was told of numerous instances of abuse.  On or around April 23, 2007, SCOE purportedly told GM that she could no longer visit DK's classroom without receiving permission from her county supervisor.  Plaintiffs assert that SCOE knew of the alleged abuses and purposefully concealed the incidents by refusing to inform the parents of children with disabilities.

Plaintiffs attempt to bring this action on their own behalf and on behalf of all persons similarly situated.  The class which Plaintiffs represent is composed of all parents of children with disabilities and their children with disabilities attending Benecia High School who have been denied their right to full and equal access to the facilities, programs, services and activities because of past abusive conduct concerning the discipline of children with disabilities.

Plaintiffs filed the present action on March 7, 2008.  On March 26, 2008, Plaintiffs filed the First Amended Complaint now before the Court.  SCOE, SCBE, Superintendent Alarcón and Solano Board Members move to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6).

///

///

///

///

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more... than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

6

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**1.    Violation of the American with Disabilities Act**

Plaintiffs' First Cause of Action alleges that Defendants' acts and omissions violated the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.  Defendants argue that the claim against Superintendent Alarcón and Solano Board Members must be dismissed because there is no individual liability under the ADA.  Defendants further argue that the claim against SCOE and SCBE must also be dismissed because it is barred by the Eleventh Amendment.  Plaintiffs counter by asserting that claims under Title II of the ADA are not barred by the Eleventh Amendment.  Plaintiffs do not address Superintendent Alarcón's or the Solano Board Members' individual liability under the ADA.

///

///

///

1          **a.   ADA Claims Against Superintendent Alarcón and**
2               **Solano Board Members**

3        Title II of the ADA provides that "no qualified individual
4   with a disability shall, by reason of such disability, be
5   excluded from participation in or be denied the benefits of the
6   services, programs, or activities of a public entity, or be
7   subject to discrimination by such entity."  42 U.S.C. § 12132.
8   The ADA defines "public entity" in relevant part as "any State or
9   local government" or "any department, agency, special purpose
10  district, or other instrumentality of a State or States or local
11  government."  42 U.S.C. § 12131(1)(A)-(B).  The term "public
12  entity" does not include individuals, thus; "a plaintiff cannot
13  bring an action...against a State official in her individual
14  capacity to vindicate rights created by Title II of the ADA...."
15  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus,
16  Plaintiffs cannot bring an action against Superintendent Alarcón
17  or Solano Board Members under the ADA.
18       Accordingly, Plaintiffs' First Cause of Action must be dismissed
19  with respect to Superintendent Alarcón and Solano Board Members.
20
21          **b.   Eleventh Amendment Immunity**
22
23       The Ninth Circuit has concluded that the State is not
24  entitled to Eleventh Amendment immunity under Title II of the
25  ADA.  Phiffer v. Columbia River Corr. Inst., 384 F.3d 791,
26  792-793 (9th Cir. 2004); See, e.g., Dare v. Cal., 191 F.3d 1167,
27  1175 (9th Cir. 1999); Clark v. Cal. Dep't of Corr., 123 F.3d
28  1267, 1270 (9th Cir. 1997).

1   While Defendants argue that Title II does not validly abrogate

2   state sovereign immunity based on the analysis in the Supreme

3   Court's decision in <u>Board of Trustees of the University of Alabama</u>

4   <u>v. Garrett</u>, 531 U.S. 356 (2001) (Defs.' P. & A. 6-7.), their

5   argument in that regard has been analyzed and expressly rejected

6   by the Ninth Circuit. <u>See</u> <u>Phiffer v. Columbia River Corr. Inst.</u>,

7   384 F.3d 791, 792-793 (9th Cir. 2004); <u>Miranda B. v. Kitzhaber</u>,

8   328 F.3d 1181, 1185 (9th Cir. 2003). The Ninth Circuit held that

9   because <u>Garrett</u> only addressed Title I of the ADA, it did not

10  overrule <u>Clark's</u> and <u>Dare's</u> holding that Congress had validly

11  abrogated state immunity under Title II. <u>See</u> <u>Hason v. Med. Bd. of</u>

12  <u>Cal.</u>, 279 F.3d 1167, 1171, <u>reh'g en banc denied</u>, 294 F.3d 1166

13  (9th Cir. 2002), <u>cert. dismissed</u>, 538 U.S. 958 (April 7, 2003) (No.

14  02-479); <u>Thomas v. Nakatani</u>, 309 F.3d 1203, 1209 (9th Cir. 2002)

15  (stating that <u>Hason</u> reaffirmed <u>Clark's</u> and <u>Dare's</u> holding that

16  Congress abrogated sovereign immunity under Title II); <u>Lovell v.</u>

17  <u>Chandler</u>, 303 F.3d 1039, 1050-51 (9th Cir. 2002) (same).

18      In the instant case, Plaintiffs' First Cause of Action

19  alleges that SCBE and SCOE have violated Title II of the ADA.

20  SCOE and SCBE are not entitled to Eleventh Immunity under Title

21  II.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' First

22  Cause of Action with respect to SCOE and SCBE must be denied.[3]

23  ///

24

25      [3] The Court recognizes Defendants' argument based on
    <u>Tennessee v. Lane</u>, 541 U.S. 509 (2004), and <u>United States v.</u>
26  <u>Georgia</u>, 546 U.S. 151 (2005).  However, in those cases, the
    Supreme Court dealt with limited situations and they did not
27  overrule <u>Phiffer</u>, 384 F.3d 791 (9th Cir. 2004).  The decisions do
    not stand for the proposition that there is Eleventh Amendment
28  protection under Title II of the ADA in other circumstances.

**2.   Violation of Section 504 of the Rehabilitation Act**

Plaintiffs' Second Cause of Action alleges that Defendants' acts and omissions resulted in unequal access to the facilities, programs, services and activities provided by the Defendants in violation of 29 U.S.C. §§ 794, et seq.  Defendants argue that this claim with respect to Superintendent Alarcón and Solano Board Members must be dismissed because Section 504 of the Rehabilitations Act does not support a claim against individuals. Defendants further argue that the claim against SCOE and SCBE must be dismissed because Plaintiffs have failed to exhaust administrative remedies under the Individuals with Disabilities in Education Act ("IDEA").  Plaintiffs counter by arguing that they are not required to exhaust IDEA remedies because doing so would be futile or inadequate.  Plaintiffs do not address Superintendent Alarcón's or Solano Board Members' liability under the Section 504.

**a.   Section 504 Claim Against Superintendent Alarcón and Solano Board Members**

Section 504 of the Rehabilitation Act states, "[n]o otherwise qualified handicapped individual in the United States...shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794.

///

///

10

1  While section 504 creates a private right of action against the

2  State, a plaintiff cannot bring an action against a State

3  official in her individual capacity.  <u>Vinson v. Thomas</u>, 288 F.3d

4  1145, 1156 (9th Cir. 2002).  Thus, Plaintiffs cannot bring an

5  action against Superintendent Alarcón or Solano Board Members

6  under Section 504.

7       Accordingly, Plaintiffs' Second Cause of Action must be

8  dismissed with respect to Superintendent Alarcón and Solano Board

9  Members.

10

11           **b.    Section 504 Claim against SCOE and SCBE**

12

13       Section 504 of the Rehabilitation Act requires that disabled

14  individuals not "be excluded from the participation in, be denied

15  the benefits of, or be subjected to discrimination under any

16  program or activity" that receives federal funds.  29 U.S.C.

17  § 794.  Under Ninth Circuit precedent, "[t]he IDEA requires a

18  plaintiff to exhaust his or her administrative remedies before

19  commencing suit if that person 'is seeking relief that is also

20  available under' the IDEA."  <u>Robb v. Bethel School Dist. #403</u>,

21  308 F.3d 1047, 1049 (9th Cir. 2002) (quoting 20 U.S.C.

22  § 1415(l)).  The exhaustion requirement of the IDEA explicitly

23  applies to "other Federal laws protecting the rights of children

24  with disabilities," including Section 504.  20 U.S.C. §1415(l).

25  Thus, "plaintiffs must exhaust administrative remedies before

26  filing a civil lawsuit if they seek relief for injuries that

27  could be redressed to any degree by the IDEA's administrative

28  procedures."

1  <u>Kutasi v. Las Virgenes Unified Sch. Dist.</u>, 494 F.3d 1162,

2  1163-1164 (9th Cir. 2007) (<u>reaffirming</u> <u>Robb</u>, 308 F.3d 1047,

3  1050).  Whether exhaustion is required in particular

4  circumstances requires that a court examine the "nature of the

5  alleged injuries," rather than "the specific remedy requested."

6  <u>Robb</u>, 308 F.3d at 1050.  "Where the IDEA's ability to remedy a

7  particular injury is unclear, exhaustion should be required to

8  give educational agencies an initial opportunity to ascertain and

9  alleviate the alleged problem." <u>Id</u>.

10      In the instant case, Plaintiffs seek to redress SCOE's

11  failure to provide equal access to education (educational

12  injury), and to remedy the alleged physical abuse.  Plaintiffs

13  seek monetary damages, injunctive relief and attorneys' fees and

14  costs for violation of Section 504 of the Rehabilitation Act.

15  (Am. Compl. 18:10-22.)  The Ninth Circuit has already established

16  that monetary damages are not an available remedy under IDEA,

17  therefore Plaintiffs' allegations of physical abuse cannot be

18  redressed by IDEA.  <u>Witte by Witte v. Clark County Sch. Dist.</u>,

19  197 F.3d 1271, 1275 (9th Cir. 1999).  However, Plaintiffs'

20  educational injury regarding the denial of equal access to

21  education can be redressed by IDEA.  <u>See</u> 20 U.S.C. § 1415.  Thus

22  Plaintiffs must exhaust available remedies before filing a civil

23  lawsuit.  Here, Plaintiffs have not pled that they exhausted

24  available remedies, or that the exhaustion of remedies was

25  futile.

26  ///

27  ///

28  ///

1    Accordingly, Plaintiffs' Second Cause of Action against SCOE
2   and SCBE must be dismissed with leave to amend.

3

4       **3.   Preemption of State Law Claims**

5

6    Defendants argue that Plaintiffs' Third, Fourth and Fifth
7   Causes of Action are preempted by the IDEA.  Plaintiffs' Third
8   Cause of Action alleges a violation of California's Unruh Civil
9   Rights Act, Cal. Civ. Code §§ 51, <u>et</u> <u>seq</u>.; Plaintiffs' Fourth
10  Cause of Action alleges a violation of Cal. Civ. Code §§ 54, <u>et</u>
11  <u>seq</u>.; and, Plaintiffs' Fifth Cause of Action alleges a violation
12  of Cal. Gov. Code §§ 11135, <u>et</u> <u>seq</u>.
13    Federal law preempts a state law claim only in instances
14  where Congress has chosen to regulate the entire field.  <u>Metro.</u>
15  <u>Life Ins. Co. v. Mass.</u>, 471 U.S. 58, 63-64 (1987) (holding that
16  ERISA completely preempts certain state law claims).  "Complete
17  preemption" describes "those cases in which federal law
18  completely preempts state law and provides a federal remedy."
19  <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389, 1403 (9th Cir.
20  1988); <u>see</u> <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392-93
21  (1987); <u>see</u> <u>also</u> <u>Sullivan v. First Affiliated Sec.</u>, 813 F.2d
22  1368, 1372 (9th Cir. 1987).  Complete preemption is rare.  <u>ARCO</u>
23  <u>Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality</u>,
24  213 F.3d 1108, 1114 (9th Cir. 2000).  "Conflict preemption," on
25  the other hand, is preemption that stems from a conflict between
26  federal and state law and is a defense to a state law cause of
27  action.  <u>Toumajian v. Frailey</u>, 135 F.3d 648, 655 (9th Cir. 1998).
28  ///

1  There is a presumption against concluding that state legislation

2  is preempted by an act of Congress.  E.P. Paup Co. v. Director,

3  Office of Workers Comp. Programs, 999 F.2d 1341, 1348 (9th Cir.

4  1993).  "State standards that are not inconsistent with federal

5  standards are also enforceable in federal court."  W.G. v. Bd. of

6  Trs. of Target Range Sch. Dist. No. 23, 960 F.2d 1479, 1483 (9th

7  Cir. 1992).

8      In the instant case, Defendants argue that the IDEA "so

9  governs the field of disability discrimination in the context of

10  public education that any concurrent state law remedies are

11  necessarily pre-empted."  (Defs.' P. & A. 13:7-9.)  Defendants

12  cite Smith v. Robinson in support of its argument.  468 U.S. 992

13  (1984) (superceded by 20 U.S.C. § 1415(l)). In Smith, the Supreme

14  Court concluded that "Congress intended the [the Education of the

15  Handicapped Act ("EHA")] to be the exclusive avenue through which

16  a plaintiff may assert an equal protection claim to a publicly

17  financed special education."  Id. at 1009.  Based on that

18  conclusion, the Court held that where EHA is available to a

19  handicapped child asserting a right to a free appropriate public

20  education, based either on the EHA or on 42 U.S.C. § 1983, the

21  EHA is the exclusive remedy.  Id. at 1013.  Or in other words,

22  when bringing two federal claims based on protecting the rights

23  of disabled children, the EHA is the exclusive remedy.

24      Defendants reliance on Smith is misplaced.  The holding in

25  Smith has since been superceded by 20 U.S.C. § 1415(l), which

26  states that a plaintiff must exhaust all remedies under the IDEA

27  before the filing of a civil action under other federal laws

28  protecting the rights of children with disabilities.

14

With respect to civil actions based in federal law, Congress has replaced the exclusive remedy holding in <u>Smith</u> with the IDEA procedural safeguard.  Defendants have failed to support the contention that this procedural limit on federal claims results in a preemption of Plaintiffs' state law claims.  Neither the holding in <u>Smith</u>, nor subsequent case law have suggested that the IDEA preempts Cal. Civ. Code §§ 51, <u>et</u> <u>seq</u>., Cal. Civ. Code §§ 54, <u>et</u> <u>seq</u>., or Cal. Gov. Code §§ 11135, <u>et</u> <u>seq</u>.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' Third, Fourth and Fifth Causes of Action based on preemption must be denied.

**4.   Cal Civ. Code Section 51**

Plaintiffs' Third Cause of Action alleges that Defendants' actions violated the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, <u>et</u> <u>seq</u>.  Defendants argue that Plaintiffs have failed to state a claim under Cal. Civ. Code § 51 because public schools are not considered a "business establishment" as defined in the statute.[4]  Plaintiffs assert that SCOE is clearly a "business establishment" within the meaning of the Unruh Civil Rights Act.

///

///

///

///

---

[4] The Court takes note that Defendants also raise an argument for the dismissal of the Third Cause of Action with respect to Superintendent Alarcón and Solano Board Members (Defs.' Mot. To Dismiss at 2:16-18), however, Plaintiffs fail to provide any support.

1    Cal. Civ. Code § 51 provides that "[a]ll persons within the

2    jurisdiction of this state are free and equal, and...are entitled

3    to the full and equal accommodations, advantages, facilities,

4    privileges, or services in all <u>business establishments</u> of every

5    kind whatsoever." (Emphasis added).  The California Supreme Court

6    found that the Legislature intended the term "business

7    establishment" be interpreted "in the broadest sense reasonably

8    possible."  <u>Isbister v. Boys' Club of Santa Cruz, Inc.</u>, 40 Cal.

9    3d 72, 78 (1985).  Consistent with this expansive interpretation

10   is the consensus that "public schools must be deemed business

11   establishments within the meaning of the Unruh Act."  <u>Sullivan v.</u>

12   <u>Vallejo Unified Sch. Dist.</u>, 731 F. Supp. 947, 952 (E.D. Cal.

13   1990) (relying on <u>Isbister</u>); <u>See</u> <u>Nicole M. v. Martinez Unified</u>

14   <u>Sch. Dist.</u>, 964 F. Supp. 1369, 1388 (N.D. Cal. 1997).  Thus, SCOE

15   is a business establishment within the meaning of Cal. Civ. Code

16   § 51.  Accordingly, Defendants' Motion to Dismiss Plaintiffs'

17   Third Cause of Action must be denied.

18

19   **5.   Cal. Civ. Code Section 54**

20

21   Plaintiffs' Fourth Cause of Action alleges that Defendants'

22   actions violated Cal. Civ. Code §§ 54, <u>et</u> <u>seq</u>.  Defendants argue

23   that Plaintiffs failed to state a claim because they do not

24   allege a denial of physical access to public facilities.

25   Plaintiffs do not address Defendants' argument in their

26   opposition.

27   ///

28   ///

The California Disabled Person Act provides that
"[i]ndividuals with disabilities or medical conditions have the
same right as the general public to the full and free use of the
streets, highways, sidewalks, walkways, public buildings, medical
facilities, including hospitals, clinics, and physicians'
offices, public facilities, and other public places."  Cal. Civ.
Code § 54(a).  It further provides, "[i]ndividuals with
disabilities shall be entitled to full and equal access, as other
members of the general public, to accommodations...places of
accommodation, amusement, or resort, and other places to which
the general public is invited..."  Cal. Civ. Code § 54.1(a)(1).

"[S]ections 54 and 54.1 have been construed to mean that all
physically handicapped individuals are entitled to the same right
as the able-bodied to full and free use of public facilities and
places, requiring operators of such public facilities and
accommodations to open [their] doors on an equal basis to all
that can avail themselves of the facilities without violation of
other valid laws and regulations." Coronado v. Cobblestone Vill.
Cmty. Rentals, L.P., 163 Cal. App. 4th 831, 844 (Cal. App. 5th
Dist. 2008) (internal quotations omitted) (citing People ex rel.
Deukmejian v. CHE, Inc., 150 Cal. App. 3d 123, 133 (1983) quoting
Marsh v. Edwards Theatres Circuit, Inc., 64 Cal. App. 3d 881, 892
(Cal. App. 2d Dist. 1976)).  Plaintiffs have not pled any facts
that could suggest that they were physically denied access to any
public facilities.  Accordingly, Defendants' Motion to Dismiss
Plaintiffs' Fourth Cause of action must be granted.

///

///

1      **6.    Twelfth Cause of Action**

2

3      Plaintiffs' Twelfth Cause of Action alleges that Defendants

4  deprived Plaintiffs of their rights in violation of 42 U.S.C.

5  § 1983.  Defendants argue that SCOE is an arm of the state

6  government and therefore the Eleventh Amendment bars a claim

7  under 42 U.S.C. § 1983.  Defendants further argue that Plaintiffs

8  have failed to allege facts that could support a claim under

9  42 U.S.C. § 1983 against Superintendent Alarcón or Solano Board

10  Members.  Plaintiffs assert that they have stated a claim against

11  Superintendent Alarcón and Solano Board Members, and do not

12  address Defendants' Eleventh Amendment argument.

13

14      **a.    Eleventh Amendment Immunity**

15

16      The Eleventh Amendment bars federal actions against a state

17  brought by its own citizens, whether the relief sought is legal

18  or equitable.  See U.S. Const. amend. XI; Edelman v. Jordan,

19  415 U.S. 651, 662-63 (1974).  State agencies are also immune.

20  Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir.

21  1988) ("Under the eleventh amendment, agencies of the state are

22  immune from private damage actions or suits for injunctive relief

23  brought in federal court.").  The Ninth Circuit has held that a

24  California School District is an agent of the state and thus

25  immune to suit under the Eleventh Amendment.  Belanger v. Madera

26  Unified Sch. Dist., 963 F.2d 248, 251-55 (9th Cir. 1992) (citing

27  Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198, 201 (9th

28  Cir. 1988)).

In the instant case, Plaintiffs assert a violation of 42 U.S.C. § 1983 against a California School District, SCOE.  SCOE is an agency of the State of California and thus immune to suit under the Eleventh Amendment.

Accordingly, Plaintiffs' Twelfth Cause of Action against SCOE and SCBE must be dismissed.

**b.   42 U.S.C. § 1983 Claim Against Superintendent Alarcón and Solano Board Members**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989)). "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).

1     In the instant case, Defendants urge that "the complaint

2  contains no allegations of any conduct by Ms. Alarcón or any of

3  the named board members." (Defs.' P. & A. 12:23-24.)  Plaintiffs

4  concede that Superintendent Alarcón and the Solano Board Members

5  did not personally take part in the alleged abuse suffered by

6  Plaintiffs. (Pls.' Opposition 24:23-24.)  Plaintiffs instead

7  argue that the Defendants knew or should of known of the ongoing

8  abuse and failed to prevent the abuse. (Pls.' Opposition 24:24-

9  27.)  However, Plaintiffs' First Amended Complaint does not

10 assert any "personal participation" by Superintendent Alarcón or

11 the Solano Board Members in the alleged rights deprivation.

12 Plaintiffs fail to plead any facts that would suggest

13 Superintendent Alarcón or the Solano Board Members actually took

14 part in the denial of a federal, constitutional or statutory

15 right.  Further, Plaintiffs failed to show that Superintendent

16 Alarcón or the Solano Board Members demonstrated a callous

17 indifference towards Plaintiffs' rights.  Instead, Plaintiffs

18 make a conclusory allegation that all named Defendants willfully

19 covered up the abuse. (Am. Compl. ¶ 6.)  Plaintiffs have failed

20 to provide more than labels and conclusions, thus they do not

21 meet their obligation to provide the grounds for entitlement of

22 relief.  <u>See</u> <u>Bell Atl. Corp.</u>, 127 S. Ct. 1955, 1964-65.  Thus,

23 Plaintiffs fail to state a claim against Superintendent Alarcón

24 or the Solano Board Members upon which relief may be granted

25 under 42 U.S.C. § 1983.

26     Accordingly, Plaintiffs' Twelfth Cause of Action against

27 Superintendent Alarcón and the Solano Board Members must be

28 dismissed.

1       **7.   State Law Claims Against Superintendent Alarcón and the**
2       **Solano Board Members**

3       Defendants argue that all of Plaintiffs' state law claims
4 should be dismissed under Rule 12(b)(6) because Plaintiffs fail
5 to allege facts sufficient to state a claim against
6 Superintendent Alarcón and the Solano Board Members.  (Defs.' P.
7 & A. 16:6-17.)  Specifically, Defendants urge that there are no
8 facts alleged that would be sufficient to hold Superintendent
9 Alarcón and the Solano Board Members liable for any state law
10 claims because Plaintiffs did not allege actual participation in
11 the alleged violations.  (Defs.' Reply 4:23-28.)  Plaintiffs
12 assert that they can maintain all causes of action against the
13 individually named Defendants.  (Pls.' Opposition 28:10-12.)

14       The state law claims alleged against Superintendent Alarcón
15 and the Solano Board Members are violations of Cal. Civ. Code
16 §§ 51 and 54, battery, intentional infliction of emotional
17 distress and negligent infliction of emotional distress.  In
18 order to state a claim for individual liability, Plaintiffs must
19 allege that Superintendent Alarcón and the Solano Board Members
20 actually participated in the activities which give rise to the
21 cause of action.  Cal. Gov. Code § 820.8 ("Except as otherwise
22 provided by statute, a public employee is not liable for an
23 injury caused by the act or omission of another person.").

24 ///
25 ///
26 ///
27 ///
28 ///

In the instant case, Plaintiffs do not allege any facts that give rise to the state claims alleged against Superintendent Alarcón or the Solano Board Members.  Plaintiffs do not allege that these individual Defendants denied access to Plaintiffs (Cal. Civ. Code § 54), intentionally discriminated against Plaintiffs (Cal. Civ. Code § 51), or had any direct contact at all with Plaintiffs (battery, IIED, NIED).  See Cal. Gov. Code § 820.8.  According to Plaintiffs' First Amended Complaint, Superintendent Alarcón and the Solano Board Members were not physically present during the alleged incident.  The only individual Defendants that were present during the alleged physical abuse were Buckley, Perez, Ingersoll, and Garcia.  (Am. Compl. ¶¶ 26-45.)  Plaintiffs reference Superintendent Alarcón's and the Solano Board Members' duty to supervise SCOE (Am. Compl. ¶¶ 18-19), and make a general allegation that all Defendants have willfully covered up the abuse and have failed to adequately supervise employees (Am. Compl. ¶¶ 6. 52).  However, Plaintiffs do not allege that Superintendent Alarcón or the Solano Board Members personally took part in the alleged activities that would give rise to the aforementioned state claims.  Thus, Defendants' Motion to Dismiss all state claims against Superintendent Alarcón and the Solano Board Members must be granted.  Accordingly, Plaintiffs' Third, Fourth, Ninth, Tenth, and Eleventh Causes of Action are dismissed against Superintendent Alarcón and the Solano Board Members.

///

///

///

1

### 8.   Exhaustion of Remedies: ADA and Section 51

2

3      In their reply, Defendants argue that Plaintiffs' First
4  (ADA) and Third (Cal Civ. Code § 51) Causes of Action must be
5  dismissed because they are subject to the exhaustion of remedies
6  requirement of the IDEA.  (Defs.' Reply 5.)  "The district court
7  need not consider arguments raised for the first time in a reply
8  brief."  <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007).
9  Defendants raise this argument in their moving papers to dismiss
10 Plaintiffs' Second Cause of Action only.  (Defs.' P. & A. 9.)
11 This argument is made for the first time to dismiss Plaintiffs'
12 ADA and Cal. Civ. Code § 51 claims in their reply brief.
13 Plaintiffs have not had an opportunity to address Defendants'
14 arguments, therefore this Court will not consider them.

15

16                           **CONCLUSION**

17

18      Based on the foregoing, Defendants' Motion to Dismiss is
19 GRANTED in part, and DENIED in part[5].  Plaintiffs' First, Second,
20 Third, Fourth, Ninth, Tenth, Eleventh, and Twelfth Causes of
21 Action are dismissed against Superintendent Alarcón and the
22 Solano Board Members.  Leave to amend will be granted except as
23 to the First and Second Causes of Action for which any further
24 amendments would be futile.

25 ///

26

27      [5] Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

Plaintiffs' Second and Fourth Causes of Action are dismissed against SCOE and SCBE with leave to amend.  The Twelfth Cause of Action is dismissed against SCOE and SCBE without leave to amend. Plaintiffs may file an amended complaint, if they choose to do so, not later than twenty (20) days following the date of this order.

　　　IT IS SO ORDERED.

Dated: December 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE