UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.K., by and through his conservator, G.M.; G.M., individually; M.W., by and through her guardians ad litem, L.W. and B.W.; B.W. and L.W., individually, | No. 2:08-cv-00534-MCE-DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| SOLANO COUNTY OFFICE OF EDUCATION (SCOE), Dee Alarcon, Superintendent; THE SOLANO COUNTY BOARD OF EDUCATION; BENICIA UNIFIED SCHOOL DISTRICT (BUSD); THE BUSD BOARD OF EDUCATION: Jeanne Steinmann, Andre Stewart, Rosie Switzer, Bonnie Weidel, Patrick Holland, JoAnn Severson, KARLA BUCKLEY; SANDRA PEREZ; SHANNON INGERSOLL; RUTH GARCIA; et al., | |
| Defendants. | |

----oo0oo----

///

///

1

1    Plaintiffs D.K., G.M., M.W., L.W., and B.W. seek injunctive
2  and monetary relief from Defendants Solano County Office of
3  Education ("SCOE") and Superintendent Dee Alarcón
4  ("Superintendent Alarcón"); Solano County Board of Education
5  ("SCBE") and its individual board members ("Solano Board
6  Members"); Benicia Unified School District ("BUSD"),
7  Superintendent Janice Adams and Director of Special Services
8  Clare Davies; BUSD Board of Education ("BBOE") and its individual
9  members ("Benecia Board Members"); Karla Buckley, Teacher; Sandra
10 Perez, Class Room Aide; Shannon Ingersoll, Class Room Aide; and
11 Ruthie Garcia, Class Room Aide, for claims arising under
12 42 U.S.C. §§ 12101, et seq. ("ADA"), section 504 of the
13 Rehabilitation Act, 42 U.S.C. § 1983, California Civil Code §§ 51
14 and 54, and California Government Code §§ 11135, et seq.
15 Declaratory relief and non-statutory state law claims of
16 intentional infliction of emotional distress, negligent
17 infliction of emotional distress and battery are also alleged.
18    Presently before the Court are two Motions to Dismiss:
19 (1) Karla Buckley's and Sandra Perez's Motion to Dismiss
20 ("Buckley's Motion"), and (2) Shannon Ingersoll's and Ruthie
21 Garcia's Motion to Dismiss ("Ingersoll's Motion").  Both move to
22 dismiss Plaintiffs' First Amended Complaint pursuant to Fed. Civ.
23 P. 12(b)(6)[1] on grounds that Plaintiffs fail to state a claim
24 upon which relief may be granted.
25 ///
26 ///
27
28    [1] Unless otherwise stated, all further references to a Rule
   are to the Federal Rules of Civil Procedure.

2

Specifically, Buckley's Motion seeks to dismiss Plaintiffs'
Third, Fourth, Fifth, Seventh, Ninth, Tenth, and Eleventh Causes
of Action against Karla Buckley and Sandra Perez.  Ingersoll's
Motion seeks to dismiss Plaintiffs' Third, Fourth, Fifth,
Seventh, Ninth, Tenth and Eleventh Causes of Action against
Shannon Ingersoll and Ruthie Garcia.  For the reasons set forth
below, the Motions will be granted in part and denied in part.[2]

**BACKGROUND**

Plaintiff D.K. ("DK") is a nineteen-year old student who
lives within the SCOE school district.  He has multiple
disabilities, which include epilepsy, cerebral palsy, and,
physical and developmental disabilities along with cognitive
impairment.  DK currently attends a county special education
program at Benicia High School.  Plaintiff G.M. ("GM") is DK's
parent and also an employee of SCOE.

The second named Plaintiff, M.W. ("MW"), is a twenty-year
old student who lives within the SCOE school district.  She has
multiple disabilities, which include cognitive impairment and a
psychosis allegedly resulting from Defendants' abuse.  MW also
attends the county special education program at Benicia High
School.  Plaintiffs L.W. ("LW") and B.W. ("BW") are MW's parents
and guardians ad litem.

///

---

[2] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
Local Rule 78-230(h).

1    DK and MW attended Benicia High School special education

2 classes from August 2004 to present.  During this period of time,

3 Plaintiffs allege that DK's teacher, Karla Buckley ("Buckley"),

4 and class room aide, Sandra Perez ("Perez"), physically abused DK

5 by covering his hands in glue as punishment for his disability

6 related behavior, then watching in amusement.  Plaintiffs further

7 allege that Buckley and Perez physically abused DK by forcing him

8 to walk on his injured foot.  Buckley and Perez allegedly made DK

9 walk on his foot despite knowledge of DK's recent surgery because

10 Buckley and Perez have a personal animus towards DK due to his

11 disability related behaviors.  Plaintiffs also claim that Buckley

12 and Perez restrained DK by tying him to his wheelchair, reclined

13 it, then left the wheelchair in an inverted position for an

14 extended period of time.  Plaintiffs further allege that Buckley

15 and Perez subjected DK to sub-human and humiliating conditions by

16 permitting him to sit in his own feces.  Plaintiffs claim that

17 DK's other class room aides, Shannon Ingersoll ("Ingersoll") and

18 Ruthie Garcia ("Garcia"), failed to intervene during the above

19 described incidents.

20    Plaintiffs allege that Buckley and Perez also abused MW.

21 Plaintiffs assert that MW's medications have a noted effect of

22 making her drowsy.  As punishment for sleeping, Buckley and Perez

23 allegedly forced MW to stand atop a chair for prolonged periods

24 of time in front of her classmates.

25 ///

26 ///

27 ///

28 ///

4

Plaintiffs claim that on at least one occasion, MW fell from the chair and injured herself.  Plaintiffs also allege that Buckley and Perez repeatedly taunted and ridiculed MW by offering her rewards, then revoking them without reason.  Plaintiffs assert that MW developed a psychosis because of these actions.

On or around March 6, 2007, Plaintiff GM, DM's parent and conservator, received a phone call from North Bay Regional Center ("Regional Center") which allegedly informed her that DK had been abused by Buckley and Perez.  Plaintiffs assert that GM contacted SCOE to obtain more information and was told that an investigation was being conducted, that Buckley and Perez had been terminated, and that DK was not hurt.

On March 7, 2007, Plaintiffs claim that GM contacted the Regional Center and was told of numerous instances of abuse.  On or around April 23, 2007, SCOE purportedly told GM that she could no longer visit DK's classroom without receiving permission from her county supervisor.  Plaintiffs assert that SCOE knew of the alleged abuses and purposefully concealed the incidents by refusing to inform the parents of children with disabilities.

Plaintiffs attempt to bring this action on their own behalf and on behalf of all persons similarly situated.  The class which Plaintiffs represent is composed of all parents of children with disabilities and their children with disabilities attending Benecia High School who have been denied their right to full and equal access to the facilities, programs, services and activities because of past abusive conduct concerning the discipline of children with disabilities.

///

1   Plaintiffs filed the present action on March 7, 2008.  On

2  March 26, 2008, Plaintiffs filed the First Amended Complaint now

3  before the Court.  Defendants Buckley, Perez, Ingersoll and

4  Garcia now move to dismiss Plaintiffs' First Amended Complaint

5  pursuant to Rule 12(b)(6).

6

7                              **STANDARD**

8

9   On a motion to dismiss for failure to state a claim under

10  Rule 12(b)(6), all allegations of material fact must be accepted

11  as true and construed in the light most favorable to the

12  nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

13  337-38 (9th Cir. 1996).  Federal Rule of Civil Procedure 8(a)(2)

14  requires only "a short and plain statement of the claim showing

15  that the pleader is entitled to relief," in order to "give the

16  defendant fair notice of what the... claim is and the grounds

17  upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S.

18  Ct. 99, 2 L. Ed. 2d 80 (1957).  While a complaint attacked by a

19  Rule 12(b)(6) motion to dismiss does not need detailed factual

20  allegations, a plaintiff's obligation to provide the "grounds" of

21  his "entitlement to relief" requires more than labels and

22  conclusions, and a formulaic recitation of the elements of a

23  cause of action will not do.  Bell Atl. Corp. v. Twombly, 127 S.

24  Ct. 1955, 1964-65 (2007) (internal citations and quotations

25  omitted).  Factual allegations must be enough to raise a right to

26  relief above the speculative level.

27  ///

28  ///

1   Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and

2   Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must

3   contain something more... than... a statement of facts that

4   merely creates a suspicion [of] a legally cognizable right of

5   action").

6       If the court grants a motion to dismiss a complaint, it must

7   then decide whether to grant leave to amend.  The court should

8   "freely give" leave to amend when there is no "undue delay, bad

9   faith[,] dilatory motive on the part of the movant...undue

10  prejudice to the opposing party by virtue of...the amendment,

11  [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman

12  v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

13  only denied when it is clear that the deficiencies of the

14  complaint cannot be cured by amendment.  DeSoto v. Yellow Freight

15  Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

16

17                          **ANALYSIS**

18      **1.   Government Torts Claim Act**

19

20      Defendants argue that to the extent the claims are brought

21  against Buckley and Perez in their official capacity, Plaintiffs'

22  Third, Fourth, Fifth, Seventh, Ninth, Tenth and Eleventh Causes

23  of Action must be dismissed because Plaintiffs have not alleged

24  facts sufficient to show compliance with the Government Torts

25  Claims Act.  (Buckley's P. & A. 5-6.)  Plaintiffs urge that they

26  satisfy the Government Torts Claims Act because they have pled

27  compliance.  (Pls.' Opp. to Buckley's Motion 9.)

28  ///

                              7

1    Before bringing a suit against a public entity, the

2    Government Tort Claims Act requires the timely presentation of a

3    written claim and a rejection in whole or part.  Cal. Gov. Code

4    § 905; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470,

5    1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 193

6    Cal. Rptr. 760, 762 (Cal. App. 5th Dist. 1983)).  A plaintiff

7    must allege facts demonstrating either compliance with the

8    Government Tort Claims Act requirement or an excuse for

9    noncompliance as an essential element of the cause of action.

10   State of California v. Superior Court (Bodde), 32 Cal. 4th 1234,

11   1243-44 (Cal. 2004).  Failure to allege compliance or an excuse

12   for noncompliance constitutes a failure to state a cause of

13   action and results in a dismissal of such claims.  See Id.

14   In the instant case, Plaintiffs allege that they "filed an

15   administrative tort claim against Defendants" and that

16   "Defendants have rejected this claim." (Pls.' Am. Compl. ¶ 12.)

17   At this stage, all allegations of material fact must be accepted

18   as true and construed in the light most favorable to the

19   Plaintiffs.  If true, Plaintiffs have satisfied the Government

20   Tort Claims Act requirement and have alleged this fact in their

21   complaint.  Accordingly, Defendants' argument to dismiss

22   Plaintiffs' Third, Fourth, Fifth, Seventh, Ninth, Tenth and

23   Eleventh Causes of Action must be rejected.

24   ///

25   ///

26   ///

27   ///

28   ///

1          **2.     GM, LW and BW's Cal. Civ. Code § 51 Claim**

2

3          Plaintiffs' Third Cause of Action alleges that Defendants

4    violated the Unruh Civil Rights Act, Cal. Civ. Code § 51.

5    Defendants argue that Plaintiffs GM, LW and BW (collectively

6    "Parents") cannot maintain this cause of action individually

7    because they are not disabled.  Plaintiffs urge that the parents

8    of disabled children have standing to sue under Cal. Civ. Code

9    § 51 because they would have standing under the IDEA, ADA and

10   Section 504 of the Rehabilitation Act.

11         Cal. Civ. Code § 51 provides "All persons within the

12   jurisdiction of this state are free and equal, and no matter what

13   their sex, race, color, religion, ancestry, national origin,

14   disability, medical condition, marital status, or sexual

15   orientation are entitled to the full and equal accommodations,

16   advantages, facilities, privileges, or services in all business

17   establishments of every kind whatsoever."  Further, "A violation

18   of the right of any individual under the Americans with

19   Disabilities Act of 1990 (Public Law 101-336) shall also

20   constitute a violation of this section."  Cal Civ Code § 51(f).

21         In the instant case, GM brings suit both individually and as

22   DK's conservator.  LW and BW also bring suit individually and as

23   MW's guardians at litem.  Plaintiffs urge that GM, LW and BW may

24   bring an action under Cal. Civ. Code § 51 because they can

25   maintain an action under the ADA.  In their motion, Defendants do

26   not move to dismiss the Parents' ADA claim.  (See Buckley's

27   Motion.)

28   ///

9

1  Because a violation of the ADA is also a violation of Cal Civ
2  Code § 51(f), it would be improper for this Court to dismiss
3  Plaintiffs' Third Cause of Action without addressing Plaintiffs'
4  ADA claim.  Accordingly, Buckley's Motion to Dismiss Plaintiffs'
5  Third Cause of Action must be denied.

6
7      **3.   Cal. Civ. Code § 51 Claim Against Ingersoll and Garcia**
8
9          In challenging Plaintiffs' Third Cause of Action, Ingersoll
10  and Garcia also argue that Plaintiffs have failed to allege that
11  they intentionally discriminated against Plaintiffs.
12  (Ingersoll's Motion 3-4.) Further, Ingersoll and Garcia argue
13  that GM, LW and BW cannot maintain an action under Cal. Civ. § 51
14  because they were not subject to intentional discrimination.
15  (Ingersoll's Motion 4.)  Defendants urge that they have stated a
16  claim against Ingersoll and Garcia under Cal. Civ. § 51 and that
17  GM, LW and BW can maintain an action under Cal. Civ. § 51(f).
18  (Defs.' Opp. to Ingersoll's Mot. 8-11.)
19      In the instant case, Plaintiffs allege that Buckley, Perez,
20  Ingersoll and Garcia physically abused DK and MW because of their
21  disabilities.  Specifically, Plaintiffs claim that Ingersoll and
22  Garcia failed to intervene while DK was allegedly being abused by
23  Buckley and Perez for disability related behavior. (Am. Compl
24  ¶¶ 27-31.)  Plaintiffs also allege that Ingersoll and Garcia
25  forced MW to stand atop a chair because she fell asleep due to
26  her medication.  (Am. Compl. ¶ 39.)
27  ///
28  ///

10

Further, Plaintiffs assert that Ingersoll and Garcia "committed additional abusive acts against other students in the [Special Education Program]".  (Am. Compl. ¶ 41.)

Ingersoll and Garcia urge that Cal. Civ. Code § 51 requires Plaintiffs to plead intentional discrimination.  If Plaintiffs' allegations are taken as true and construed in light most favorable to them, then Plaintiffs have pled that Ingersoll and Garcia intentionally discriminated against DK and MW.  According to the Amended Complaint, a reasonable inference can be made that Ingersoll and Garcia purposefully acted in a manner which caused DK and MW harm due to their disability.  <u>See</u> <u>Gomez v. Acquistapace</u>, 50 Cal. App. 4th 740, 746 (Cal. App. 2d Dist. 1996).  Thus, Ingersoll and Garcia's Motion to dismiss Plaintiffs' Third Cause of Action because Plaintiffs did not plead intentional discrimination must be denied.

Ingersoll and Garcia also argue that GM, LW and BW cannot maintain under Cal. Civ. § 51 because they were not subject to intentional discrimination.  As previously stated, a violation of the ADA shall also constitute a violation of the Unruh Civil Rights Act.  Cal Civ Code § 51(f).  Plaintiffs' First Cause of Action alleges a violation of the ADA by all Defendants, including Ingersoll and Garcia.  In their Motion, Ingersoll and Garcia do not move to dismiss Plaintiffs' First Cause of Action. (<u>See</u> Ingersoll's Motion.)  Because Plaintiffs' ADA claim is still pending, it would be improper for this Court to dismiss Plaintiffs' Third Cause of Action.  Accordingly, Ingersoll's Motion to Dismiss Plaintiffs' Third Cause of Action must be denied.

### 4.   GM, LW and BW's Cal. Civ. Code § 54 Claim

Plaintiffs' Fourth Cause of Action alleges that Defendants' actions violated Cal. Civ. Code §§ 54, et seq.  Defendants Buckley and Perez argue that GM, LW and BW cannot maintain an action under Cal. Civ. Code § 54 because they are not disabled and therefore cannot plead that Defendants denied them access. (Buckley's Motion 6:25-27.)  Plaintiffs' Opposition does not address Defendants' argument.  (See Defs.' Opp. to Buckley's Motion.)

The California Disabled Person Act provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Cal. Civ. Code § 54(a).

In the instant case, LW and BW are MW's guardians at litem, and GM is DK's conservator.  Plaintiffs have alleged that DK (Am. Compl. ¶ 14) and MW (Am. Compl. ¶ 15) are disabled, but do not allege that GM, LW or BW are disabled.  Accordingly, GM, LW and BW's Fourth Cause of Action must be dismissed.

///
///
///
///
///
///

### 5.    Cal. Civ. Code § 54 Claim Against Ingersoll and Garcia

Plaintiffs' Fourth Cause of Action also alleges that Defendants Ingersoll and Garcia violated Cal. Civ. Code §§ 54, <u>et seq</u>.  Ingersoll and Garcia argue that Plaintiffs' claim must be dismissed because they did not deny Plaintiffs access to any public place.  (Ingersoll's Motion 4-5.)  Plaintiffs' Opposition does not address Defendants' argument.  (<u>See</u> Defs.' Opp. to Ingersoll's Motion.)

Cal. Civ. Code § 54(a) provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  It further provides, "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations...places of accommodation, amusement, or resort, and other places to which the general public is invited..."  Cal. Civ. Code § 54.1(a)(1).

"[S]ections 54 and 54.1 have been construed to mean that all physically handicapped individuals are entitled to the same right as the able-bodied to full and free use of public facilities and places, requiring operators of such public facilities and accommodations to open [their] doors on an equal basis to all that can avail themselves of the facilities without violation of other valid laws and regulations."

///

13

Coronado v. Cobblestone Vill. Cmty. Rentals, L.P., 163 Cal. App. 4th 831, 844 (Cal. App. 5th Dist. 2008) (internal quotations omitted) (citing People ex rel. Deukmejian v. CHE, Inc., 150 Cal. App. 3d 123, 133 (1983) quoting Marsh v. Edwards Theatres Circuit, Inc., 64 Cal. App. 3d 881, 892 (Cal. App. 2d Dist. 1976)).  Plaintiffs have not pled any facts that could suggest that Ingersoll or Garcia physically denied them to any public facilities.  Accordingly, Plaintiffs' Fourth Cause of Action against Ingersoll and Garcia must be dismissed.

### 6.   Cal. Gov. Code § 11135 Claim Against Ingersoll and Garcia

Plaintiffs' Fifth Cause of Action alleges that Defendants violated Cal. Gov. Code §§ 11135, et seq.  Defendants Ingersoll and Garcia argue that this claim must be dismissed against them because individuals cannot be held liable.  (Ingersoll's Motion 5.)  Ingersoll and Garcia also argue that GM, LW and BW cannot bring a claim under Section 11135.  (Ingersoll's Motion 6:9-10.)  Plaintiffs' Opposition does not address Defendants' argument. (See Defs.' Opp. to Ingersoll's Motion.)

Cal. Gov. Code § 11135 provides that "[n]o person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or physical or mental disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the State." (Emphasis added.)

///

14

Ingersoll and Garcia are not considered a "program or activity" within the meaning of Section 11135.  See Cal. Code Regs. 22, § 98010; People v. Levinson, 155 Cal. App. 3d Supp. 13, 18-20 (Cal. App. Dep't Super. Ct. 1984).  Accordingly, Plaintiffs' Fifth Cause of Action against Ingersoll and Garcia must be dismissed.

Ingersoll and Garcia also urge that GM, LW and BW cannot bring individual claims under Section 11135.  Plaintiffs do not allege any facts that would suggest that GM, LW or BW have been denied any benefits or have been discriminated under any program or activity that has been funded directly by the State of California.  See Cal. Gov. Code § 11135.  Accordingly, GM, LW and BW's individual claims under Section 11135 must be dismissed.

**7.   Declaratory Relief**

Plaintiffs' Seventh Cause of Action requests declaratory relief in order for the Court to determine the respective rights and duties of the parties.  Ingersoll and Garcia argue that declaratory relief is improper because Plaintiffs do not allege to have exhausted all administrative remedies.  (Ingersoll's Motion 6.)  Plaintiffs urge that exhaustion of remedies is not required, and that declaratory relief is appropriate under these circumstances.  (Pls.' Opp. to Ingersoll's Motion 11-12.)

In "a case of actual controversy within its jurisdiction", a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought".  28 U.S.C. § 2201.

Rule 57 provides that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."  A declaratory judgment should be granted (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  (Quotations omitted)  McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 342 (9th Cir. 1966) (quoting Borchard, Declaratory Judgments 299 (2d ed. 1941)).  Granting of the declaratory judgment rests in the discretion of the district court.  Shell Oil Co. v. Frusetta, 290 F.2d 689, 691-692 (9th Cir. 1961).  However, a declaratory judgment should be denied if a declaratory judgment would serve no useful purpose, or is brought merely to determine issues which are involved in a case already pending.  McGraw-Edison Co., 362 F.2d 339, 343 (quoting Yellow Cab Co. v. City of Chicago, 186 F.2d 946, 950-951 (7th Cir. 1951).

In the instant case, Plaintiffs seek declaratory relief under the ADA, the Rehabilitations Act, Cal. Civ. Code §§ 51 and 54, and Cal. Gov. Code § 11135.  (Am. Compl. ¶ 81.)  Plaintiffs also state individual claims against each Defendant based under the same statutes.  Since adjudicating the individual claims will settle Plaintiffs' legal rights, a declaratory judgment would serve no useful purpose.  Accordingly, Plaintiffs' Seventh Cause of Action must be dismissed.

///

///

1

**8.   Government Tort Liability**

2

3      Buckley and Perez argue that Plaintiffs' tort claims must be

4  dismissed to the extent they are brought against them in their

5  official capacity as employees of SCOE because Plaintiffs did not

6  plead a statutory basis for liability.  (Buckley's Motion 7.)

7  Plaintiffs urge that Buckley and Perez are liable in their

8  official capacity as employees of SCOE under Cal. Gov. Code

9  § 820(a).  (Pls.' Opp. to Buckley's Motion 12.)

10      In California, all government tort liability is dependant on

11  the existence of an authorizing statute.  Cal. Gov. Code § 815;

12  Lopez v. S. Cal. Rapid Transit Dist., 40 Cal. 3d 780, 785 n.2

13  (1985); Morris v. State of California, 89 Cal. App. 3d 962, 964

14  (Cal. App. 2d Dist. 1979).  To state a cause of action, every

15  fact essential to the existence of statutory liability must be

16  pleaded with particularity, including the existence of a

17  statutory duty.  Susman v. Los Angeles, 269 Cal. App. 2d 803, 808

18  (Cal. App. 2d Dist. 1969); Lopez, 40 Cal. 3d 780, 795.  "The

19  facts showing the existence of the claimed duty must be alleged."

20  Since the duty of a governmental agency can only be created by

21  statute, the statute claimed to establish the duty must be

22  identified.  Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d

23  792, 802 (Cal. App. 4th Dist. 1986).

24      In the instant case, Plaintiffs assert that Cal. Gov. Code

25  § 820(a) establishes Buckley's and Perez's liability in their

26  official capacity.  (Pls.' Opp. to Buckley's Motion 12.)

27  However, Plaintiffs fail to identify the statute in their Amended

28  Complaint as required.  See Searcy, supra.

17

Accordingly, Plaintiffs tort claims against Buckley and Perez, to the extent they are brought against them in their official capacity, must be dismissed.

### 9.    Intentional Infliction of Emotional Distress

Plaintiffs' Ninth Cause of Action alleges that Defendants are liable for intentional infliction of emotional distress ("IIED").  Both Motions argue that Plaintiffs' complaint is insufficient to establish a viable IIED claim against either Buckley, Perez, Ingersoll or Garcia.  Defendants also go on to argue more specifically that no IIED cause of action exists in any event for GM, LW, and BW.   Plaintiffs assert that they have generally stated an IIED claim against Buckley, Perez, Ingersoll and Garcia, but do not address or oppose Defendants' argument regarding the specific availability of the claim in favor of GM, LW and BW.  (Pls.' Opp. to Buckley's Motion 13-15; Pls.' Opp. to Ingersoll's Motion 13-14.).

Despite Defendants' assertions to the contrary, there can be no doubt that the accusations levied by Plaintiffs concerning their alleged conduct towards DK and MW, if true, are sufficient to state potential claims for IIED.  Forcing a disabled child to sit in his own feces, and covering such a child's hands with glue as punishment fall outside the scope of conduct tolerated by a civilized society.

///

///

///

Similarly, requiring a child suffering from medication-related drowsiness to stand on top of a chair for prolonged period of time in front of her classmates, in an apparent attempt to ridicule the child, is equally outrageous and may well also support an IIED claim if substantiated by the trier of fact.

The fact that Defendants are either teachers, or classroom aides, in DK and MW's special education programs, and consequently are in a position of power vis-a-vis DK and GM, further underscores the conclusion that Plaintiffs' intentional infliction claims are viable and not subject to dismissal.  The extreme and outrageous nature of conduct for purposes of establishing IIED may arise from injuries facilitated by a defendant's abuse of power he or she exerts over a particular plaintiff.  See Hailey v. Cal Physician's Serv., 158 Cal. App. 4th 452, 474 (2007).

Although Plaintiffs DK and GM have unquestionably identified conduct sufficient to survive motions to dismiss under Rule 12(b)(6) on their IIED claim, the same does not hold true for DK and MW's parents.  The complaint contains no allegations of outrageous conduct directed specifically to either GM, LW or BW, and Plaintiffs have failed to offer any opposition to Defendants' Motions in that regard.  Consequently, while Defendants' Motion to Dismiss Plaintiffs' Ninth Cause of Action is denied as to DK and MW, it is granted as to GM, LW and BW.

///

///

///

///

**10.   Negligent Infliction of Emotional Distress**

For a Tenth Cause of Action, Plaintiffs allege that Defendants' negligence, as well as their intentional conduct as discussed above, subjected them to emotional distress.   The parameters of a viable negligent infliction of emotional distress ("NIED") claim, however, are carefully limited under California law either to instances 1) where the potential plaintiff is both closely related to the victim and present at the scent of the injury-producing event at the time it occurs (the so-called "bystander" theory; see Thing v. LaChusa, 48 Cal. 3d 644 (1989)); or 2) where a defendant violates a duty directly owed to one plaintiff although actual injury is directed to another ("direct victim" liability; see Wooden v. Raveling, 61 Cal. App. 4th 1035, 1038 (1998)).   In moving to dismiss Plaintiffs' NIED claim, Defendants assert that Plaintiffs have failed to ground their purported claim under either of these theories.

Given Plaintiffs' failure to oppose Defendants' motion in this regard, and the fact that the First Amended Complaint fails to adequately describe a cognizable basis for NIED liability, Defendants' Motion to Dismiss the Tenth Cause of Action is granted.

///

///

///

///

///

///

1          **11.   Battery**

2

3          Plaintiffs' final Eleventh Cause of Action asserts a cause

4   of action for battery, asserted on behalf of all Plaintiffs.

5   Pointing out that battery by definition involves the intentional,

6   and unlawful, touching of one person by another (see <u>Ashcraft v.</u>

7   <u>King</u>, 228 Cal. App. 3d 604, 611 (1991), Ingersoll and Garcia

8   argue that the complaint fails to allege that any such touching

9   was directed to any of the Plaintiffs.  Buckley and Perez, on the

10  other hand, limit their challenge to the battery claim to

11  Plaintiffs GM, LW and BW, only.

12         Plaintiffs have offered no opposition to Defendants' Motion

13  insofar as it pertains to GM, LW and BW, and the operative

14  pleading contains no suggestion whatsoever that any improper

15  touching was ever directed to the parents of either DK or MW.

16  Although Plaintiffs do argue that the complaint is sufficient to

17  state a battery claim in favor of DK and MW, they identify no

18  actual touching by any of the moving Defendants herein, instead

19  pointing only to failures to intervene and improper commands,

20  along with taunts and ridicule, directed to said Plaintiffs.

21  Plaintiffs go so far as to admit that the First Amended Complaint

22  "does not specifically allege that any contact took place."

23  Pls.' Opp. to Ingersoll and Garcia Motion, 15:7-8.

24         Without such allegations there is no viable claim.  While

25  Plaintiffs allege that such information may be adduced through

26  future discovery, should that occur Plaintiffs would have to

27  request leave to amend their complaint to reflect that new

28  information.

21

Plaintiffs cannot, however, maintain a battery claim at the
present time upon speculation that the claim might have some
factual support in the future.  Defendants' Motion to Dismiss the
Eleventh Cause of Action is therefore granted.

**CONCLUSION**

Based on the foregoing, the Motion to Dismiss Plaintiffs'
Fourth Cause of Action, brought by Defendants Buckley and Perez
insofar as it pertains to Plaintiffs GM, LW, and BW, is granted.
The request of Defendants Ingersoll and Garcia to dismiss the
Fourth, Fifth and Seventh Causes of Action in their entirety is
also granted.  With respect to Plaintiffs' state law tort claims,
which include intentional infliction of emotional distress, the
Motion to Dismiss brought by Buckley and Perez is granted as to
the claims brought against Defendants in their official
capacities because the requisite statutory duty has not been
identified to support any such liability.  In addition,
Plaintiff's Ninth Cause of Action is dismissed as to Plaintiffs
GM, LW and BW for failure to state a cause of action against
them.  Finally, Plaintiffs' Tenth and Eleventh Claims, for
negligent infliction of emotional distress and battery,
respectively, are also dismissed pursuant to Rule 12(b)(6).
///
///
///
///
///

22

1     Plaintiffs may file a Second Amended Complaint, should they

2  choose to do so, not later than twenty (20) days following the

3  date of this Memorandum and Order.

4     IT IS SO ORDERED.

5
   Dated: December 12, 2008

6

7
                                    _____
8                                   MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28