LOUGHREY & ASSOCIATES
TAMARA LOUGHREY, Bar No. 227001
JUSTIN ARNOLD, Bar No. 252030
ROBERT L. WOELFEL, Bar No. 250343 (Of Counsel)
220 4th Street, Suite 103
Oakland, CA 94607
Telephone: (510) 891.1254
Fax: (510) 891.1258

Attorneys for Plaintiffs,

THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.K. by and through his conservator, G.M.; and G.M. individually; and M.W. by and through her guardians ad litem, L.W. and B.W. and all other students and parents similarly situated<br><br>        Plaintiffs,<br><br>v.<br><br>SOLANO COUNTY OFFICE OF EDUCATION (SCOE); Mary Ellen Haddock; Jay Speck; BENICIA UNIFIED SCHOOL DISTRICT (BUSD); Karla Buckley, Teacher; Sandra Perez, Class Room Aide; Shannon Ingersoll, Class Room Aide; Ruthie Garcia, Class Room Aide; AND DOES 1-100.<br><br>Defendants. | **Case No. 2:08-CV-00534-MCE-DAD**<br><br>**CLASS ACTION**<br><br>**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS:**<br><br>(1) THE AMERICANS WITH DISABILITIES ACT OF 1990;<br><br>(2) SECTION 504 OF THE REHABILITATION ACT OF 1973;<br><br>(3) UNRUH;<br><br>(4) CALIFORNIA GOVERNMENT CODE SECTION 11135;<br><br>(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br><br>(6) BATTERY;<br><br>(7)  ASSAULT;<br><br>(8)  FALSE IMPRISONMENT;<br><br>(9) NEGLIGENT SUPERVISION;<br><br>(10) NEGLIGENCE<br><br>(11) RETALIATION, 1983;<br><br>**JURY TRIAL DEMANDED** |

Now come PLAINTIFFS, D.K. by and through his conservator, G.M., and G.M. in her individual capacity, and M.W. by and through her guardians ad litem, alleging as follows:

## INTRODUCTION

1.     Plaintiffs submit this claim on behalf of themselves and all other similarly situated students and parents for the violation of their civil rights, battery, intentional infliction of emotional distress, battery, assault, false imprisonment and negligent supervision and based upon the Defendants' violations of California and Federal laws.

2.     Plaintiffs are disabled students who, due to the severity of their disabilities were unable to report the abuse they were forced to endure, which included but was not limited to battery, assault, intentional infliction of emotional distress, and false imprisonment. Plaintiffs are also the parents of the students with disabilities who were injured by the Defendants actions, inactions and/or omissions.

3.     Defendants Karla Buckley, Teacher, Sandra or Sandy Perez, Class Room Aide, Shannon Ingersoll, Class Room Aide, Ruthie Garcia, Class Room Aide, and DOES 1-25 preyed on plaintiff students because they believed that due to the nature of plaintiffs' disabilities their abusive conduct would go unreported.

4.     This abuse occurred during the period of August 2004 to March 2007 at Benicia High School in the city of Benicia, CA located within Solano County.  Defendants carried out a series of abusive acts upon the named plaintiffs and other similarly situated students.  Some of these acts are set forth herein. Unfortunately, due to the nature of their disabilities Plaintiffs D.K. and M.W. are unable to answer questions regarding what happened to them or describe events which occurred in their classroom.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

2

5.      The School Nurse, Kay Tippery, witnessed and reported some of the abuse.  She documented in a notebook some of the abuse which occurred in the classroom. According to Ms. Tippery the incidents of abuse were so numerous that she became too tired to write them all down.  She later turned this notebook over to Benicia Police Officer Jeff Harris who investigated the abuse, concluded that the abuse had occurred, and referred the case to the Solano County District Attorney's Office for Criminal Prosecution.  The Solano County District Attorney's Office has twice investigated the abuse, but has declined to press criminal charges.  The police report is attached to this complaint and incorporated into the complaint as "Exhibit A."

6.      The harmful effects of the abuse suffered by Plaintiffs at the hands of the staff directly abusing them have been compounded by all Defendants' willful cover-up of the abuse.  Even after parents approached Defendants requesting information about the abuse that would allow them to mitigate their children's damages, Defendants refused to provide any meaningful information regarding what transpired in their children's classroom.

Plaintiffs timely filed Tort Claims Notices under Government Code section 910 et seq. Defendants rejected the Tort Claims Notices for all Plaintiffs in October 22, 2007.  On March 7, 2008, Plaintiffs filed a complaint in federal court in the U.S. District for the Eastern District of California alleging civil rights violations under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973 (504), Section 1983 and the state law claims contained herein. On December 2, 2008, Plaintiffs' ADA, 1983, and 504 claims were dismissed due to failure exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA).  On December 15, 2008, Plaintiffs state law claims were dismissed due to the Court's decision not to invoke supplemental jurisdiction over the state law claims. On December 22, 2008, Plaintiffs filed a complaint in state court in the Superior Court of California, County of

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

3

Solano alleging assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision, violation of California Government Code sections 11135, et seq., and violation of California Civil Code sections 51, et seq.  In order to have their dispute heard in a single forum, Plaintiffs and Defendants on March 4, 2009 submitted a stipulation for leave to amend the Complaint to add pendant state claims for relief; to waive Defendants' Eleventh Amendment immunity defense as it would apply to any pendant state-law based cause of action; and provide that Defendants are entitled to raise any defense that would have been available to them had the new pendant state-law claims remained and venued with the State Superior Court.

Plaintiff's have exhausted administrative remedies by filing for due process with the OAH.  The alleged acts and plaintiff's damages are such that proceeding through due process before the office of OAH would be both futile and inadequate.  Plaintiff's injuries can not be redressed under the IDEA's due process procedures.  All parties to this action have thus far stipulated that Exhaustion was complete, and that a remedy through the OAH would be futile save Mary Haddock and Jay Speck who are newly discovered and added defendants.

Due to both the nature of Plaintiffs' disabilities, which preclude them from reporting the abusive acts, and the purposeful concealment of the acts by defendants, Plaintiffs are at this point unable to describe all of the abusive acts directed at Plaintiffs and the exact length of time the abuse was endured.  Plaintiffs expressly reserve their right to amend this compliant to include additional facts and/or causes of action as discovery in this case proceeds.

## <u>JURISDICTION</u>

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C.

sections 12101, *et seq.*,1343 for claims arising under the US Constitution, and for claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sections 794, *et seq.*

8.     Under the doctrine of pendant and supplemental jurisdiction, 28 U.S.C. Section 1367, this Court has jurisdiction over Plaintiffs' claims arising under California state law.

9.     This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202.

## VENUE

10.     Pursuant to 28 U.S.C. Section 1391(b), venue is proper in the district in which this Complaint is filed, which is the judicial district in which the claim has arisen, the Eastern District of California.

## PARTIES

11.     Plaintiff D.K. is a twenty (21) year old student who lives within the school district boundary of the BENICIA UNIFIED SCHOOL DISTRICT AND THE SOLANO COUNTY OFFICE OF EDUCATION. Plaintiff D.K. has multiple disabilities including Epilepsy, Cerebral Palsy, physical and developmental disabilities with cognitive impairment.  D.K. resides in Benicia, California with his mother, G.M., and step-father.  He currently attends a County Special Education Program, Monday through Friday, at Benicia High School in Benicia. He is a person with a disability at all times referenced herein within the meaning of all applicable state and federal disability nondiscrimination laws. This action is brought by G.M. on behalf of D.K., and by G.M. individually.

12.     Plaintiff M.W. is a twenty-one (21) year old student who lives within the school district boundaries of the BENICIA UNIFIED SCHOOL DISTRICT and the SOLANO COUNTY OFFICE OF EDUCATION.  Plaintiff M.W. has multiple disabilities including a cognitive

impairment, a Psychosis, and Post Traumatic Stress Disorder, the latter two resulting from Defendants' prolonged abuse.  M.W. resides in Benicia with her mother, L.W., and father, B.W. She currently attends a County Special Education Program, Monday through Friday, at Benicia High School in Benicia.  She is a person with a disability at all times referenced herein within the meaning of all applicable state and federal disability nondiscrimination laws.

13.     This suit is brought by D.K. by and through his conservator, G.M., and G.M. individually and M.W. by and through her guardians ad litem, L.W. and B.W.

14.     Defendants SOLANO COUNTY OFFICE OF EDUCATION (Hereafter SCOE) and BENICIA UNIFIED SCHOOL DISTRICT (Hereafter BUSD) are local government entities within the meaning of Title II of the ADA, recipients of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and have at least 50 employees.  The BUSD is also chartered and incorporated under state law with responsibility for providing Plaintiffs with access to its public educational programs, facilities, services and activities.  The BUSD is also the recipient of financial assistance from the State of California.

Defendants Karla Buckley as Teacher, Sandra Perez, Shannon Ingersoll, Ruthie Garcia as Class Room Aides; AND DOES 1-25 are individuals employed by the district and who participated substantially in the events described herein. They are being sued in their individual and official capacities.

Defendant Mary Ellen Haddock was employed by SCOE and was the administrator who directly supervised the SCOE class personnel located on the BUSD campus during the estimated relevant timeframes. Ms. Haddock knowingly and purposefully participated in covering up the abuse of students.  She knowingly lied to cover the abuse, claiming that no one was hurt.  She instructed at least one mandatory reporter, G.M., not to report the abuse and not to inform other parents of

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

6

the abuse.  She is being sued in her individual and official capacity.

Defendant Jay Speck is employed by SCOE and is an administrator who knowingly and purposefully assisted Ms. Haddock in covering up the abuse of students.  He is being sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

15.     Plaintiffs incorporate by reference herein, the allegations in paragraphs 1 through 20, inclusive.

16.     Defendants committed several acts against Plaintiffs D.K. and M.W. throughout the time period of August 2004 to March 2007.

17.     From August 2004 to present, Student Plaintiffs attended a Benicia High School (B.H.S.) special education day class for moderate to severely disabled students.

18.      While he was a student at B.H.S., D.K.'s teacher, Karla Buckley, class room aide, Sandra Perez, and DOES 1-25, physically abused D.K. by covering his hands in glue as in response to his disability related behavior. They covered his hands in glue because they knew that D.K. was tactilely sensitive and that contact between sticky substances and his skin would cause him distress.  After covering his hands in glue, they watched in amusement as D.K. expressed distress.

19.     While a student at B.H.S., D.K.'s teacher, Karla Buckley, class room aide, Sandra Perez, and DOES 1-25, physically abused D.K. by forcing him to walk on his broken foot, despite knowledge that he was recovering from surgery and was not supposed to walk or bear weight on his foot.  This abuse occurred on the day that D.K. returned to school from a surgical operation on his right foot which required eight (8) surgical screws to hold parts of his foot together and was instructed by his doctor not to walk or put weight on the surgically repaired foot for ten

weeks.  Defendants' actions were motivated by personal animus toward DK for his disability related behaviors and for personal entertainment.

20.     Defendants forced D.K. to walk up a hill and up stairs in his cast on several occasions despite knowledge that his foot was injured and despite explicit instructions from his doctor that he was not to walk during recovery.  D.K. was forced to walk up the hill on BUSD property in plain sight of BUSD employees.  Defendants' actions were motivated by personal animus toward D.K. for his disability related behaviors and for personal entertainment.

21.     On August 26, 2006, D.K. had to undergo a second costly and painful surgery on his foot. The surgery was necessary because his foot did not heal correctly after the first surgery due to the fact that he was forced against his doctor's orders to put weight on the foot.

22.     After the second surgery, D.K.'s mother gave Defendants specific instructions that he was not to walk on his foot.  Despite the knowledge of the doctor's instructions, the instructions given by D.K.'s mother, and the visible evidence of D.K.'s cast, Defendants forced D.K. to walk up a hill and stairs on several occasions including but not limited to the following occasions:

  o  September 11, 2006, Defendants made D.K. walk up a hill located at or near the High School three times in his cast

  o  September 18, 2006, Defendants forced D.K. to walk up a hill located at or near the High School three times in his cast.

  o  November 7, 2006 Defendants forced D.K. to walk up and down the stairs located behind the classroom in his cast.

  o  November 8, 2006 Defendants forced D.K. to walk up and down the stairs located behind the classroom in his cast.

  o  January 30, 2007 Defendants forced D.K. to walk up and down a hill located at or

near the High School three times in his cast.

23.     On another occasion, D.K.'s teacher and class room aide restrained D.K. against his will by tying him to his wheelchair.  They then reclined the wheelchair, leaving D.K. upside down with his injured foot in the air.  This was done as punishment to D.K. and for the amusement of Defendants.  D.K. was left in an inverted position unable to right himself for an extended period of time.

24.     D.K.'s teacher and class room aide at B.H.S. subjected D.K. to unhealthy, sub-human, and humiliating conditions on several occasions when they knowingly permitted him to sit in his own feces and allowed him to place his hands in his own feces.  This was allowed to occur in plain view of the rest of D.K.'s class, with his teacher and class room aide watching in amusement and failing to intervene.

25.      D.K.'s teacher and class room aide at B.H.S. subjected D.K. to unhealthy, sub-human, and humiliating conditions on several occasions when they purposefully stood over him and forced him downward into his own feces, holding him there for extended periods of time.  This was allowed to occur in plain view of the rest of D.K.'s class while D.K. expressed distress.

26.     During the above described incidents, D.K.'s other officially-assigned class room aides, Ms. Shannon Ingersoll and Ms. Ruthie Garcia, failed to intervene despite witnessing the incidents and mandatory reporting requirements.

27.     D.K.'s disabilities created a heightened sensitivity to touch.  As a result of this sensitivity, D.K. feels extreme discomfort when any part of his body is in contact with sticky substances.  Defendants Ingersol, Garcia, Perez, and Buckley observed D.K. on a daily basis and were provided documents by BUSD and SCOE that explained in detail D.K.'s disabilities and sensitivities.  On several occasions Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll

and Ruthie Garcia covered D.K.'s hands in glue and tape and rolled up pieces of tape and other sticky substances and placed them behind D.K.'s ears as a form of punishment. The Defendants then watched in amusement as D.K. suffered distress and tried to remove the offensive sticky substances.

28.     D.K.'s disabilities limit his ability to communicate and as a result, D.K. bangs his hands, head and other body parts against inanimate objects when he becomes alarmed due to certain stimuli. Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll and Ruthie Garcia knew of D.K.'s habit of banging his hands, head and other body parts against certain inanimate objects, including his desk and a file cabinet located in the classroom. They knew the stimuli that would cause him to react by banging his hands or body on objects and used this knowledge to cause him physical harm and for their own amusement.

29.     Defendants placed stimuli such as glue sticks, tape, and contact paper in front of D.K. on D.K.'s desk because they knew that these items would cause D.K. distress. As a result of placing glue sticks, tape, and contact paper on D.K.'s desk, D.K. became upset and banged his head and hands against his desk causing D.K. to become covered in glue, tape and contact paper.

30.     Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll and Ruthie Garcia knew D.K. would bang his head and hands against a paper schedule on the side of a file cabinet in the classroom if he became upset. Defendants placed thumb tacks and push pins with the pointed sharp side facing out behind a paper schedule that was on the side of the file cabinet where D.K. would bang his head and hands. This was done purposefully and with the intent to cause D.K. to stab himself with the pins when he banged his body, head and hands against the paper schedule. These acts occurred on several occasions. Defendants placed the tacks and push pins with the sharp ends pointing through the paper where D.K. uncontrollably banged his head and hands.

Each time D.K. banged his head and hands against the file cabinet, the tacks stabbed and punctured D.K's body.

31.     On at least one occasion, Karla Buckley shoved a chair into D.K.'s stomach.  Karla Buckley shoved the chair so hard that when the chair hit D.K. in the stomach, it knocked him to the ground.

32.     On other occasions, Sandra Perez poured cups of water over D.K.'s head while he was sitting in the classroom.

33.     BUSD employees were aware, or should have been aware of the acts of abuse.  On October 11, 2006, Sandy Perez placed D.K. outside of the classroom, which is an outdoor area near the middle of the BUSD campus.  Ms. Perez shut the door, leaving him screaming for a few minutes until a teacher or student knocked on the door and informed Ms. Perez that D.K. was screaming outside the classroom.  Additionally, Plaintiffs are informed and believe that BUSD campus security personnel regularly sat outside the classroom.

34.     During the above described incidents, D.K.'s other officially-assigned class room aides, Ms. Shannon Ingersoll and Ms. Ruthie Garcia, failed to intervene despite witnessing the incidents. Ms. Ingersoll and Ms. Garcia were legally required to intervene and/or report instances of abuse in the classroom but they failed to do so.

35.     As a result of SCOE's and BUSD's failure to supervise their employees and the outrageous conduct of their employees Karla Buckley, Sandra Perez and DOES 1-25, Shannon Ingersoll, and Ruthie Garcia, D.K. has suffered severe emotional distress resulting in physical manifestations including, but not limited to, headaches, inability to sleep, engaging in aggressive behaviors at school and home, and crying uncontrollably at school and home.  D.K. was also subjected to assault, physical battery, improper restraint of liberty, and false imprisonment.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

11

36.     D.K.'s mother G.M. has also suffered from severe emotional distress as a result of D.K.'s injuries and Defendants' abusive conduct and omissions.

37.     On or around March 6, 2007, G.M. received a phone call from the North Bay Regional Center (Regional Center) informing her that D.K. had been abused at school by Ms. Buckley and Sandra Perez and DOES 1-25.  G.M. attempted to obtain more information by contacting SCOE about the allegations, and, after several denials, she was finally told that there was an investigation in progress regarding the abuse and that Ms. Buckley and Sandra Perez had been terminated from their positions with SCOE.  G.M. was told by Ms. Haddock that she should not worry about anything as D.K. was not hurt.  She was further told that she should not talk to anyone about the abuse or report the abuse to other parents of children in the classroom.  Ms. Haddock knew at the time she counseled G.M. not to report the abuse that G.M. was in fact a SCOE employee who by law was required to report such abuse.

38.     On March 7, 2007, G.M. contacted the Regional Center and asked about the abuse that had occurred.  G.M. was told about numerous instances of abuse, including the events described above in paragraphs. G.M. learned of the abuse of M.W. for the first time on this same date.

39.     On or around the week of April 23, 2007, after SCOE received notice that D.K. and G.M. were represented by Attorney Loughrey, G.M., an employee of the SCOE, was told by her SCOE supervisor, Ms. Haddock, that she could no longer visit her son's classroom without providing notice and receiving permission from her direct County Office supervisor.  These new requirements greatly concerned G.M. as she had always felt free to make regular visits to D.K.'s classroom in the past.  G.M. is not aware of any other parents who are required to provide notice and receive permission from her direct County Office supervisor in order to visit their children's classrooms.  G.M. has also been unable to find any formal County policy or procedure that

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

12

would explain the new "rules" that she must follow.  A letter was sent to SCOE's attorney

regarding this specific issue on April 30, 2007.  To date, no response has been received.

40.     G.M.  has also spoken with parents of other students in Plaintiff's classroom who have

suffered from similar acts of misconduct by Plaintiff's teacher and class room aide.

41.     M.W. also suffered multiple incidents of abuse while a student at Benicia High School

and as a result of this abuse, M.W. has suffered from various maladies, including psychosis, and

other physical and mental maladies.  M.W. suffers from post traumatic stress disorder as a result

of the abuse she was forced to endure.

42.     M.W. takes numerous medications as a result of her disabilities.  Some of these

medications have the noted effect of making patients drowsy.  Karla Buckley, Sandra Perez,

DOES 1-25, Shannon Ingersoll, and Ruthie Garcia were aware that M.W. took such medication

and were aware that her medication made her tired at times.  Despite this knowledge, Karla

Buckley, Sandra Perez and DOES 1-25, Shannon Ingersoll, and Ruthie Garcia forced M.W. to

stand atop a chair in class as punishment for sleeping.  She was forced to stand atop the chair for

prolonged periods of time in front of her classmates.  On at least one occasion she fell from the

chair, injuring herself. M.W. was additionally forced to stand on an "X"  for punishment when

she fell asleep in class.

43.     Karla Buckley, Sandra Perez and DOES 1-25, Shannon Ingersoll, and Ruthie Garcia

repeatedly taunted and ridiculed M.W. by offering her rewards then revoking them without

reason.

44.     Defendants repeatedly forced M.W. and D.K. to eat foods that were old, spoiled or

disliked while Defendants ate foods that they knew M.W. and D.K. liked or preferred right in

front them.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

13

45.     Defendants on an almost daily basis tormented D.K. by calling D.K. "Diablo or devil" and they also put "666" on the calculators D.K. used to work on his math problems.

46.     Defendants on an almost daily basis forced D.K. to walk or move to locations by threatening him with glue sticks or other objects known to cause D.K. fear.

47.     Karla Buckley, Sandra Perez and DOES 1-25, Shannon Ingersoll, and Ruthie Garcia committed additional abusive acts against other students in the class.  M.W., D.K., and all other similarly situated students were forced to observe these acts, and suffer severe emotional distress as a result thereof.

48.     Due to the abusive acts and omissions of DEFENDANTS, M.W. developed a psychosis. M.W.'s doctor suggested that the Psychosis was the result of abuse.  Due to Defendant's purposeful concealment of the abuse effective medical intervention was delayed.  This prolonged M.W.'s suffering, which continues today.

49.     Furthermore, as a result of SCOE and BUSD's failures and the outrageous conduct of SCOE employees, Karla Buckley, and Sandra Perez, M.W. has suffered severe emotional distress, physical battery, and improper restraint of liberty.

50.     At all times relevant, BUSD and SCOE had a statutory duty to report any of the incidents listed above.  That duty was breached once again on September 27, 2006, when D.K. fell in the cafeteria at the Benicia high School and Defendants Karla Buckley, and Sandra Perez did not take D.K. to the nurse. Instead, they responded by putting D.K. in his wheelchair and returning him to the classroom even though D.K. showed signs of being in severe pain.

51.     This incident happened in the clear view of all persons present in the cafeteria, yet no person reported the incident as required by law.  D.K.'s mother was never notified that her son had fallen on BUSD property.  In fact, on the evening of September 27, 2006, D.K.'s mother

noticed bruising and marks on D.K.'s body that were not present prior to attending school that day.

52.    On September 28, 2006, D.K.'s mother, G.M., called Defendants and asked if D.K. had suffered any injuries recently.  Defendants responded to G.M.'s inquiry by saying that they had no reason to believe D.K. had suffered any recent injuries.

53.    This intentional misrepresentation to G.M. concealed the most recent incident of abuse and allowed Defendants to conceal the incidents of abuse that had already occurred and those that would continue for several months.  Additionally, Mr. Speck and Ms. Haddock conspired to conceal these incidents from parents and as a result M.W. and D.K. were delayed in receiving appropriate interventions to prevent further damage from these traumas.

54.    Shortly after she began attending the BUSD/SCOE classroom, M.W. began having psychotic episodes.  L.W. repeatedly asked Defendant Buckley if there was anything happening to M.W. in the classroom.  Defendant Buckley never told L.W. about the abuse M.W. endured almost daily.

55.    SCOE purposefully concealed the abuse by refusing to inform the parents of children with disabilities about the abuse despite multiple requests to do so.

56.    As a result of their children being abused and the on-going concealment, L.W., B.W.and G.M. have suffered emotional stress and incurred expenses for the care and treatment of their children. The complete extent of the damage to D.K and M.W. is unknown but is believed to be life long due to the continuous torture they endured over several years.

57.    Plaintiffs believe that further instances of abuse occurred and that further investigation is necessary to determine the full extent of both the abuse and injuries.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

15

## CLASS ALLEGATIONS

58.     Plaintiffs D.K. by and through his conservator, G.M., G.M. individually and M.W. by and through her guardians ad litem L.W. and B.W., bring this action on their own behalf and on behalf of all persons similarly situated.  The class which Plaintiffs represent is composed of all parents of children with disabilities and their children with disabilities attending Benicia High School who have been denied their right to full and equal access to, and use and enjoyment of, the facilities, programs, services and activities of Benicia High School because of past abusive conduct concerning the discipline of children with disabilities.

59.     The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

60.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that they were all denied their civil right to full and equal access to, and use and enjoyment of the facilities, programs, services and activities offered by the public schools operated by Defendants due to Defendants' abusive conduct concerning the discipline of children with disabilities.

61.     Common questions of law and fact predominate.

62.     The claims of Plaintiffs D.K., M.W., and G.M.,  are typical of those of the class and Plaintiffs D.K. and M.W. and G.M. will fairly and adequately represent the interests of the class.

63.     References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class.

64.     DEFENDANTS have failed to adequately supervise their employees which resulted in the foreseeable physical harm to Plaintiffs.  Under California Law, Defendants had a statutory

duty to ensure that staff who came into contact with Plaintiffs would provide an environment free of abuse and neglect.

65.    DEFENDANTS have violated their statutory duties to Plaintiffs, including their supervisory duties created under California Education Code § 44807 and § 44808.

66.    DEFENDANTS have violated their statutory duties to Plaintiffs, including their supervisory duties under Welfare and Institutions Code § 15630 et seq. which required them to report any incident that reasonably appears to be physical abuse to the adult protective service agency or local law enforcement agency immediately or as soon as was practicably possible and to file a written report within two days.  They also violated their duties under California Penal Code § 11166 which required them to report any knowledge of a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect to the agency immediately or as soon as is practicably possible by telephone and the mandated reporter shall prepare and send, fax, or electronically transmit a written follow up report thereof within 36 hours of receiving the information concerning the incident.

67.    DEFENDANTS have violated their statutory duties to Plaintiffs, including those relating to corporal punishment and hazing under Education Code §§ 49000, 49001, and Education Code § 32050, 32051 respectively.

68.    DEFENDANTS have violated their statutory duties to Plaintiffs, including multiple violations of California Code of Regulations § 3052 which in pertinent part prohibits the use of any interventions that 1) cause physical pain; 2) release of unpleasant substances in proximity to an individual's face, 3) denies adequate sleep, food, water, physical comfort, or access to bathroom facilities, 4) subject the individual to verbal abuse ridicule or humiliation, or which can be expected to cause excessive emotional trauma, 5) restrictive interventions immobilizing all

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

17

four extremities.

69.   DEFENDANTS have violated their statutory duty under California Penal Code § 11165.4 which prohibits "unlawful corporal punishment or injury" against a child, defined as any cruel or inhuman corporal punishment or injury resulting in a traumatic condition.

70.   DEFENDANTS continue to employ many of those responsible for the abuse outlined herein.

## FIRST CLAIM

(Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*, by D.K. and M.W. against BUSD, SCOE and Does 26-27)

71.   Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76, inclusive.

72.   Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act, 42 U.S.C. Sections 12101, et seq., and the regulations promulgated thereunder, 28 C.F.R. Part 35, et seq.

73.   Defendants' conduct violated the ADA in that Plaintiff students, who are students with disabilities, are either not provided programs, services and activities that are provided to non-disabled students, or are provided programs, services and activities that are not equal to, and are inferior to, the services provided to students who are not physically disabled.  Plaintiff students in fact were abused because of their disabilities which amounts to disability discrimination.

74.   Defendants' conduct violated and continues to violate the ADA and unless restrained from doing so, Defendants will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

75.   Consequently, Plaintiffs are entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. Section 12188).  Plaintiffs are also entitled to reasonable attorneys' fees and

costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CLAIM

(Violation of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. §§ 794, *et seq.*, by D.K. and M.W. against BUSD, SCOE and Does 26-27)

76.     Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76, inclusive.

77.     Defendants' acts and omissions have resulted in unequal access to the facilities, programs, services and activities provided by Defendants as alleged herein are in violation of 29 U.S.C. Section 794, et seq., and the regulations promulgated thereunder, 34 C.F.R. Pt. 104, et seq.

78.     Defendants are the recipients of federal funds sufficient to invoke the coverage of Section 504.

79.     Defendants unlawfully discriminated against Plaintiffs on the sole basis of disability.

80.     Plaintiffs DK and MW are qualified individuals with disabilities.

81.     Solely by reason of their disabilities, Plaintiffs have been excluded from participation in, denied the benefit of, and subjected to discrimination in their attempts to receive full and equal access to the facilities, programs, services and activities offered by Defendants.

82.     Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CLAIM

(Violation of California Civil Code §§ 51, *et seq.*, by D.K. and M.W. against SCOE, BUSD and Does 26 - 27)

83.     Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76, inclusive.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

19

84.     Defendants' actions have violated and continue to violate the Unruh Civil Rights Act, California Civil Code sections 51, *et seq.,* in that Plaintiffs, who are students with disabilities, are either not provided programs, services and activities that are provided to non-disabled students, or are provided programs, services and activities that are not equal to, and are inferior to, the services provided to students who are not physically disabled.  Plaintiff students in fact were abused because of their disabilities which amounts to disability discrimination. Plaintiff parents were harmed due to the extreme abuse their children endured over a long period of time due to Defendants' disability discrimination.

85.     Defendants have committed additional violations of the Unruh Civil Rights Act in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sections 12101, *et seq.,* as set forth above.

86.     The actions of the Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code sections 51, *et seq.,* and therefore Plaintiffs are entitled to injunctive relief.

87.     The actions of the Defendants were the product of joint action between the public entities and individual employees.

88.     In addition, Defendants are liable to Plaintiffs for each and every offense for actual damages and multiple damages of up to three times the actual damages incurred but in no case less than $4000 per offense pursuant to California Civil Code section 52.

89.     Plaintiffs are also entitled to reasonable attorney fees and costs.

        WHEREFORE, Plaintiffs request relief as set forth below.

## FOURTH CLAIM

(Violation of California Government Code §§ 11135, *et seq.,* by D.K. and M.W. against SCOE, BUSD and Does 26-27)

90.     Plaintiffs incorporate, by reference herein, the allegations in paragraphs l through 76,

inclusive.

91.    Plaintiffs are individuals with disabilities within the meaning of Section 11135(c) of the California Government Code.

92.    Defendants receive financial assistance from the State of California sufficient to invoke the coverage of Sections 11135, *et seq.,* of the California Government Code. Defendant SCOE and BUSD both employ more than five employees.

93.    By its actions or inactions in refusing on the basis of disability to provide Plaintiffs full and equal access to the facilities, programs services and activities of the District, Defendants have denied Plaintiffs the benefits of, or unlawfully subjected them to discrimination in violation of Plaintiffs' rights under Sections 11135 *et seq.* of the California Government Code and the regulations promulgated thereunder.

94.    Plaintiffs have no adequate remedy at law.  Unless the relief requested herein is granted, Plaintiffs will suffer irreparable harm in that, on the basis of disability, they will once again be discriminated against and denied full and equal access to Defendants' facilities, programs, services and activities.

95.    Plaintiffs are entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## FIFTH CLAIM

(Intentional Infliction of Emotional Distress, by D.K. and M.W. against SCOE, Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruth Garcia)

96.    Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76, inclusive.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

21

97.     DEFENDANTS Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia engaged in extreme and outrageous conduct when they intentionally committed the acts described herein.

98.     As a result of Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia's extreme and outrageous conduct, Plaintiffs have suffered severe emotional distress.

99.     California Government Code § 815.2 states that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment

100.    SCOE, a public entity, was at all relevant times the employer of Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia.

101.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia committed the actions described herein while acting in the scope of their employment with SCOE.

        WHEREFORE, Plaintiffs request relief as set forth below.

## SIXTH CLAIM

(Battery, by D.K. and M.W. against Karla Buckley, Sandra Perez, Shannon Ingersoll, Ruth Garcia, and SCOE)

102.    Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76, inclusive.

103.    Defendants, Karla Buckley and Sandra Perez, intentionally committed acts which resulted in harmful or offensive contact with the plaintiffs' person when they committed the acts described herein.

104.    During the commission of said acts, Plaintiffs did not consent to the contact.

105.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia's

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

22

harmful or offensive contact caused injury or harm to Plaintiffs.

106.    California Government Code § 815.2 states that a public entity is liable for injury

proximately caused by an act or omission of an employee of the public entity within the scope of

his or her employment.

107.    SCOE, a public entity, was at all relevant times the employer of Defendants Karla

Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia.

108.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia

committed the actions described herein while acting in the scope of their employment with

SCOE.

WHEREFORE, Plaintiffs request relief as set forth below.

### SEVENTH CLAIM
(Assault, by D.K. and M.W. against Karla Buckley, Sandra Perez, Shannon Ingersoll,
Ruthie Garcia, and SCOE)

109.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 76, inclusive.

110.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia

demonstrated the unlawful intent to inflict immediate injury on Plaintiffs when they committed

the acts described herein.

111.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia's

harmful or offensive contact caused injury or harm to Plaintiffs.

112.    California Government Code § 815.2 states that a public entity is liable for injury

proximately caused by an act or omission of an employee of the public entity within the scope of

his or her employment.

113.    SCOE, a public entity, was at all relevant times the employer of Defendants Karla

Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

23

114.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia committed the actions described herein while acting in the scope of their employment with SCOE.

WHEREFORE, Plaintiffs request relief as set forth below.

## EIGHTH CLAIM

(False Imprisonment, by D.K. and M.W. against Karla Buckley, Sandra Perez, Shannon Ingersoll, Ruthie Garcia, and SCOE)

115.    Plaintiffs incorporate, by reference herein, all allegations in paragraphs 1 through 76, inclusive.

116.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia intentionally and unlawfully exercised force or the implied threat of force to restrain or confine Plaintiffs when they committed the acts described herein.

117.    The unlawful restraint of DK in his wheelchair and forcing of MW to stand atop a chair described herein lasted for an appreciable amount of time.

118.    Plaintiffs did not consent to Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia's acts and as a result of the acts, Plaintiffs suffered physical harm and severe emotional distress.

119.    California Government Code § 815.2 states that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment

120.    SCOE, a public entity, was at all relevant times the employer of Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia.

121.    Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia committed the actions described in paragraphs while acting in the scope of their employment

with SCOE.

WHEREFORE, Plaintiffs request relief as set forth below.

## NINTH CLAIM

(Negligent Supervision, by D.K. and M.W. against BUSD, SCOE, Mary Ellen Haddock, Jay Speck and Karla Buckley)

122.   Plaintiffs incorporate herein, allegations in paragraphs 1 through 76, inclusive.

123.   Defendants had a legal duty to exercise reasonable care in supervising "special needs" students in its charge pursuant to California Education Code § 44807 and may be held liable for injuries proximately caused by the failure to exercise such care.

124.   Plaintiffs are "special needs" students whom are particularly vulnerable and dependent upon the Defendants who, correspondingly, had control over Plaintiffs' welfare.

125.   Defendant BUSD breached its duties to Plaintiffs when it failed to supervise Plaintiffs while on BUSD grounds during the abuse described herein and failed to ensure that its contractor, SCOE, was providing proper supervision. Additionally, pursuant to California Government Code § 895.2, BUSD is jointly liable for the negligent supervision provided by its contractor, SCOE.

126.   Defendants SCOE, Mary Ellen Haddock and Jay Speck breached their duties to Plaintiffs by failing to properly supervise SCOE employees Defendants Karla Buckley, Sandra Perez, Shannon Ingersoll, and Ruthie Garcia when they committed these acts against Plaintiffs. Additionally, Karla Buckley, as the classroom teacher, breached her duty to supervise Shannon Ingersoll, Ruth Garcia and Sandra Perez when they committed these acts against Plaintiffs.

127.   As the actual and proximate result of Defendants' negligence, Plaintiffs suffered continued physical abuse and severe emotional distress.

WHEREFORE, Plaintiffs request relief as set forth below.

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

25

**TENTH CLAIM**

(Negligence, by D.K. and M.W. against SCOE, Karla Buckley, Sandra Perez, Ruth Garcia and
Shannon Ingersoll.)

134.    Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76,
inclusive.

135.    Defendants were mandatory reporters under California Welfare and Institutions Code §
15630, et seq. which required them to report any incident that reasonably appears to be physical
abuse to the adult protective service agency or local law enforcement agency immediately or as
soon as was practicably possible and to file a written report within two working days. Defendants
were also mandatory reporters under California Penal Code § 11166 et seq.  and were required to
report any knowledge of a child whom the mandated reporter knows or reasonably suspects has
been the victim of child abuse or neglect to the agency immediately or as soon as is practicably
possible by telephone and the mandated reporter shall prepare and send, fax, or electronically
transmit a written follow up report thereof within 36 hours of receiving the information
concerning the incident.

136.    Defendants Karla Buckley, Sandra Perez, Ruth Garcia and Shannon Ingersoll breached
their duties to Plaintiffs when they failed to report and actively concealed any knowledge of the
abuse, in violation of California Government Code § 815.6 and California Penal Code § 11166 et
seq. and California Welfare and Institutions Code § 15630, et seq.

137.    As the employer of Defendants Karla Buckley, Sandra Perez, Ruth Garcia and Shannon
Ingersoll at all relevant times, SCOE is liable for their acts and omissions, pursuant to California
Government Code § 815.2.

138.    As the actual and proximate result of Defendants' negligence, Plaintiffs suffered

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

26

continued physical abuse and severe emotional distress.

## ELEVENTH CLAIM

(Retaliation – Violation of 42 U.S.C. § 1983 by D.K. and G.M. against MARY ELLEN
HADDOCK in her individual capacity)

139.    Plaintiffs incorporate, by reference herein, the allegations in paragraphs 1 through 76,
inclusive.

140.    The acts and omissions of, SCOE employee Mary Ellen Haddock under color of law, as
herein above set forth, deprived Plaintiffs of their right to free speech guaranteed by the First
Amendment of the United States Constitution, for which Plaintiffs seek and are entitled to
injunctive and declaratory relief.

141.    Plaintiffs' constitutionally protected speech activities, include, inter alia, (a) filing a tort
claims notice; (b) requests for information about the abuse; and (c) hiring counsel to investigate
abuse.  Defendant's actions described herein have caused Plaintiffs to suffer multiple
discriminatory and retaliatory injuries that would chill a person of ordinary firmness from
continuing to engage in those activities, and Defendant's conduct has been substantially
motivated as a response to Plaintiffs' exercise of the above listed constitutionally protected
activities.

142.    The acts of Defendant as herein alleged were willful, intentional, and oppressive.

143.    Plaintiffs have no adequate remedy at law and unless the relief requested herein is granted,
Plaintiffs will suffer irreparable harm by the deprivation of their rights under federal law.

144.    Plaintiff has suffered harm and continues to suffer harm, as a result of Defendants 42
U.S.C. § 1983 violations.

WHEREFORE, Plaintiffs request relief as set forth below.

## PRAYER FOR RELIEF

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

27

WHEREFORE, Plaintiff prays judgment against defendant as follows:

1.     An order and judgment enjoining Defendants from violating the Americans with Disability Act; Section 504 of the Rehabilitation Act of 1973; California Civil Code sections 51, *et seq.,* and California Civil Code sections 54, *et seq.*; and California Government Code section 11135 *et seq.*

2.     A declaration that the BENICIA UNIFIED SCHOOL DISTRICT'S and SCOE'S policies, practices or procedures concerning the improper discipline/behavior management of children with disabilities denied their right to full and equal access to, and use and enjoyment of, the facilities, programs, services and activities of BENICIA UNIFIED SCHOOL DISTRICT'S and SCOE'S policies as required by law;

3.     For costs of suit incurred herein;

4.     Damages according to proof;

5.     Plaintiffs' reasonable attorney fees and costs;

6.     Punitive Damages (from individual Defendants only);

7.     Such other and further relief as the Court deems just and proper.


RESPECTFULLY SUBMITTED,

LOUGHREY & ASSOCIATES


DATED: October 23, 2009                    By:__/s/Tamara Loughrey_____
                                           Tamara Loughrey
                                           Justin Arnold
                                           Robert L. Woelfel
                                           Attorneys for Plaintiffs


**JURY DEMAND**

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

28

Plaintiffs hereby demand a jury trial.

LOUGHREY & ASSOCIATES

DATED: October 23, 2009                    By: _/s/ Tamara Loughrey_____
                                           Tamara Loughrey
                                           Justin Arnold
                                           Robert L. Woelfel
                                           Attorneys for Plaintiffs

*D.K. and M.W. et al. v. Benicia Unified School District et al.*
**FOURTH AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

29