1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  D.K. by and through his          No. 2:08-cv-00534-MCE-DAD
    conservator G.M., ET AL.,
12
                Plaintiffs,
13                                   PRETRIAL SCHEDULING ORDER
          v.
14
    SOLANDO COUNTY OFFICE OF
15  EDUCATION, ET AL.,

16              Defendants.
    _____/
17

18        After reviewing the parties' Joint Status Report, the Court

19  makes the following Pretrial Scheduling Order.

20        I.    SERVICE OF PROCESS

21        All named Defendants have been served and no further service

22  is permitted without leave of court, good cause having been

23  shown.

24        II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25        No joinder of parties or amendments to pleadings is

26  permitted without leave of court, good cause having been shown.

27  ///

28  ///

1

1        III.  JURISDICTION/VENUE

2        Jurisdiction is predicated upon 42 U.S.C. § 1983, 28 U.S.C.

3   §§ 1331 and 1367(a).  Jurisdiction and venue are not contested.

4        IV.  DISCOVERY

5        All discovery, with the exception of expert discovery, shall

6   be completed by **October 6, 2011.**  In this context, "completed"

7   means that all discovery shall have been conducted so that all

8   depositions have been taken and any disputes relative to

9   discovery shall have been resolved by appropriate order if

10  necessary and, where discovery has been ordered, the order has

11  been obeyed.  All motions to compel discovery must be noticed on

12  the magistrate judge's calendar in accordance with the local

13  rules of this Court.

14       V.   DISCLOSURE OF EXPERT WITNESSES

15       All counsel are to designate in writing, file with the

16  Court, and serve upon all other parties the name, address, and

17  area of expertise of each expert that they propose to tender at

18  trial not later than **December 6, 2011.**[1]  The designation shall be

19  accompanied by a written report prepared and signed by the

20  witness.  The report shall comply with Fed. R. Civ. P.

21  26(a)(2)(B).

22       Within twenty (20) days after the designation of expert

23  witnesses, any party may designate a supplemental list of expert

24  witnesses who will express an opinion on a subject covered by an

25  expert designated by an adverse party.

26  _____

27       [1] The discovery of experts will include whether any motions
    based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S.
28  579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167
    (1999) are anticipated.

1 The right to designate a supplemental expert for rebuttal

2 purposes only shall apply to a party who has not previously

3 disclosed an expert witness on the date set for expert witness

4 disclosure by this Pretrial Scheduling Order.

5    Failure of a party to comply with the disclosure schedule as

6 set forth above in all likelihood will preclude that party from

7 calling the expert witness at the time of trial.  An expert

8 witness not appearing on the designation will not be permitted to

9 testify unless the party offering the witness demonstrates:

10 (a) that the necessity for the witness could not have been

11 reasonably anticipated at the time the list was proffered;

12 (b) that the Court and opposing counsel were promptly notified

13 upon discovery of the witness; and (c) that the witness was

14 promptly made available for deposition.

15    For purposes of this Pretrial Scheduling Order, an "expert"

16 is any person who my be used at trial to present evidence under

17 Rules 702, 703, and 705 of the Federal Rules of Evidence, which

18 include both "percipient experts" (persons who, because of their

19 expertise, have rendered expert opinions in the normal course of

20 their work duties or observations pertinent to the issues in the

21 case) and "retained experts" (persons specifically designated by

22 a party to be a testifying expert for the purposes of

23 litigation).

24    Each party shall identify whether a disclosed expert is

25 percipient, retained, or both.  It will be assumed that a party

26 designating a retained expert has acquired the express permission

27 of the witness to be so listed.

28 ///

1 Parties designating percipient experts must state in the

2 designation who is responsible for arranging the deposition of

3 such persons.

4     All experts designated are to be fully prepared at the time

5 of designation to render an informed opinion, and give their

6 bases for their opinion, so that they will be able to give full

7 and complete testimony at any deposition taken by the opposing

8 party.  Experts will not be permitted to testify at the trial as

9 to any information gathered or evaluated, or opinion formed,

10 after deposition taken subsequent to designation.

11     Counsel are instructed to complete all discovery of expert

12 witnesses in a timely manner in order to comply with the Court's

13 deadline for filing dispositive motions.

14     VI.   MOTION HEARING SCHEDULE

15     All dispositive motions, except motions for continuances,

16 temporary restraining orders or other emergency applications,

17 shall be heard no later than **February 6, 2012.**  The parties are

18 responsible for ensuring that all motions are filed to allow for

19 proper notice of the hearing under the Federal Rules of Civil

20 Procedure and/or Local Rules.  Available hearing dates may be

21 obtained by calling Stephanie Deutsch, Courtroom Deputy Clerk, at

22 (916) 930-4207.

23     All purely legal issues are to be resolved by timely

24 pretrial motions.  Local Rule 230 governs the calendaring and

25 procedures of civil motions with the following additions:

26         (a)   The opposition and reply must be filed by

27         **4:00 p.m.** on the day due; and

28 ///

1           (b)   When the last day for filing an opposition brief

2                 falls on a legal holiday, the opposition brief

3                 shall be filed on the last court day immediately

4                 preceding the legal holiday.

5      Failure to comply with Local Rule 230(c), as modified by

6  this Order, may be deemed consent to the motion and the Court may

7  dispose of the motion summarily.  Further, failure to timely

8  oppose a summary judgment motion[2] may result in the granting of

9  that motion if the movant shifts the burden to the nonmovant to

10 demonstrate that a genuine issue of material fact remains for

11 trial.

12     The Court places a page limit of twenty (20) pages on all

13 initial moving papers, twenty (20) pages on oppositions, and ten

14 (10) pages for replies.  All requests for page limit increases

15 must be made in writing to the Court setting forth any and all

16 reasons for any increase in page limit at least fourteen (14)

17 days prior to the filing of the motion.

18     For the Court's convenience, citations to Supreme Court

19 cases should include parallel citations to the Supreme Court

20 Reporter.

21     The parties are reminded that a motion in limine is a

22 pretrial procedural device designed to address the admissibility

23 of evidence.  The Court will look with disfavor upon

24 dispositional motions presented at the Final Pretrial Conference

25 or at trial in the guise of motions in limine.

26

27     [2] The Court urges any party that contemplates bringing a
   motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 260.

1          The parties are cautioned that failure to raise a

2   dispositive legal issue that could have been tendered to the

3   court by proper pretrial motion prior to the dispositive motion

4   cut-off date may constitute waiver of such issue.

5          VII.  <u>FINAL PRETRIAL CONFERENCE</u>

6          The Final Pretrial Conference is set for **June 21, 2012** at

7   **2:00 p.m.**  At least one of the attorneys who will conduct the

8   trial for each of the parties shall attend the Final Pretrial

9   Conference.  If by reason of illness or other unavoidable

10  circumstance a trial attorney is unable to attend, the attorney

11  who attends in place of the trial attorney shall have equal

12  familiarity with the case and equal authorization to make

13  commitments on behalf of the client.

14         Counsel for all parties are to be fully prepared for trial

15  at the time of the Final Pretrial Conference, with no matters

16  remaining to be accomplished except production of witnesses for

17  oral testimony.

18         The parties shall file, not later than **May 31, 2012,** a Joint

19  Final Pretrial Conference Statement.  The provisions of Local

20  Rules 281 shall apply with respect to the matters to be included

21  in the Joint Final Pretrial Conference Statement.  In addition to

22  those subjects listed in Local Rule 281(b), the parties are to

23  provide the Court with a plain, concise statement that identifies

24  every non-discovery motion tendered to the Court and its

25  resolution.  Failure to comply with Local Rule 281, as modified

26  by this Pretrial Scheduling Order, may be grounds for sanctions.

27  ///

28  ///

1    At the time of filing the Joint Final Pretrial Conference

2  Statement, counsel shall also electronically mail to the Court in

3  digital format compatible with Microsoft Word or WordPerfect, the

4  Joint Final Pretrial Conference Statement in its entirety

5  including the witness and exhibit lists.  **These documents shall**

6  **be sent to: mceorders@caed.uscourts.gov.**

7    The parties should identify first the core undisputed facts

8  relevant to all claims.  The parties should then, in a concise

9  manner, identify those undisputed core facts that are relevant to

10  each claim.  The disputed facts should be identified in the same

11  manner.  Where the parties are unable to agree as to what

12  disputed facts are properly before the Court for trial, they

13  should nevertheless list all disputed facts asserted by each

14  party.  Each disputed fact or undisputed fact should be

15  separately numbered or lettered.

16    Each party shall identify and concisely list each disputed

17  evidentiary issue which will be the subject of a motion in

18  limine.

19    Each party shall identify the points of law which concisely

20  describe the legal issues of the trial which will be discussed in

21  the parties' respective trial briefs.  Points of law should

22  reflect issues derived from the core undisputed and disputed

23  facts.  Parties shall not include argument or authorities with

24  any point of law.

25    The parties shall prepare a joint statement of the case in

26  plain concise language which will be read to the jury at the

27  beginning of the trial.  The purpose of the joint statement is to

28  inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 281

2  they are required to list in the Joint Final Pretrial Conference

3  Statement all witnesses and exhibits they propose to offer at

4  trial.  After the name of each witness, each party shall provide

5  a brief statement of the nature of the testimony to be proffered.

6  The parties may file a joint list or each party may file separate

7  lists.  These list(s) shall not be contained in the body of the

8  Joint Final Pretrial Conference Statement itself, but shall be

9  attached as separate documents to be used as addenda to the Final

10 Pretrial Order.

11    Plaintiffs' exhibits shall be listed numerically.

12 Defendants' exhibits shall be listed alphabetically.  The parties

13 shall use the standard exhibit stickers provided by the Court

14 Clerk's Office: pink for Plaintiff and blue for Defendant.  In

15 the event that the alphabet is exhausted, the exhibits shall be

16 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

17 number of letters in parenthesis (i.e., "AAAA(4)") to reduce

18 confusion at trial.  All multi-page exhibits shall be stapled or

19 otherwise fastened together and each page within the exhibit

20 shall be numbered.  All photographs shall be marked individually.

21 The list of exhibits shall not include excerpts of depositions,

22 which may be used to impeach witnesses.  In the event that

23 Plaintiffs' and Defendants' offer the same exhibit during trial,

24 that exhibit shall be referred to by the designation the exhibit

25 is first identified.  The Court cautions the parties to pay

26 attention to this detail so that all concerned, including the

27 jury, will not be confused by one exhibit being identified with

28 both a number and a letter.

8

1      The Final Pretrial Order will contain a stringent standard
2   for the offering at trial of witnesses and exhibits not listed in
3   the Final Pretrial Order, and the parties are cautioned that the
4   standard will be strictly applied.  On the other hand, the
5   listing of exhibits or witnesses that a party does not intend to
6   offer will be viewed as an abuse of the court's processes.

7       The parties also are reminded that pursuant to Rule 16 of
8   the Federal Rules of Civil Procedure it will be their duty at the
9   Final Pretrial Conference to aid the Court in: (a) the
10  formulation and simplification of issues and the elimination of
11  frivolous claims or defenses; (b) the settling of facts that
12  should properly be admitted; and (c) the avoidance of unnecessary
13  proof and cumulative evidence.  Counsel must cooperatively
14  prepare the Joint Final Pretrial Conference Statement and
15  participate in good faith at the Final Pretrial Conference with
16  these aims in mind.  A failure to do so may result in the
17  imposition of sanctions which may include monetary sanctions,
18  orders precluding proof, elimination of claims or defenses, or
19  such other sanctions as the Court deems appropriate.

20      VIII.   TRIAL BRIEFS

21      The parties shall file trial briefs not later than **June 7,**
22  **2012** by **4:00 p.m.**  Counsel are directed to Local Rule 285
23  regarding the content of trial briefs.

24      IX.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

25      Any evidentiary or procedural motions are to be filed by **May**
26  **31, 2012.**  Oppositions must be filed by **June 7, 2012** and any
27  reply must be filed by **June 14, 2012.**  The motions will be heard
28  by the Court at the same time as the Final Pretrial Conference.

9

1    X.    TRIAL SETTING

2        The trial is set for **August 20, 2012 at 9:00 a.m.**   Trial

3   will be by jury.   The panel will consist of **eight (8) jurors.**

4   The parties estimate a trial length of **seven (7) days.**

5        XI.    SETTLEMENT CONFERENCE

6        At the Final Pretrial Conference, the Court may set a

7   settlement conference if the parties so request.   In the event no

8   settlement conference is requested, the parties are free to

9   continue to mediate or attempt to settle the case with the

10  understanding that the trial date is a firm date.

11        In the event a settlement conference is set by the Court,

12  counsel are instructed to have a principal with full settlement

13  authority present at the Settlement Conference or to be fully

14  authorized to settle the matter on any terms.   At least seven (7)

15  calendar days before the settlement conference, counsel for each

16  party shall submit to the chambers of the settlement judge a

17  confidential Settlement Conference Statement.   Such statements

18  are neither to be filed with the Clerk nor served on opposing

19  counsel.   Each party, however, shall serve notice on all other

20  parties that the statement has been submitted.   If the settlement

21  judge is not the trial judge, the Settlement Conference Statement

22  shall not be disclosed to the trial judge.

23        Notwithstanding the foregoing, the parties may request a

24  settlement conference prior to the Final Pretrial Conference if

25  they feel it would lead to the possible resolution of the case.

26  In the event an early settlement conference date is requested,

27  the parties shall file said request jointly, in writing.

28  ///

10

1 The request must state whether the parties waive

2 disqualification, pursuant to Local Rule 270(b), before a

3 settlement judge can be assigned to the case.  Absent the

4 parties' affirmatively requesting that the assigned Judge or

5 Magistrate Judge participate in the settlement conference AND

6 waiver, pursuant to Local Rule 270(b), a settlement judge will be

7 randomly assigned to the case.

8      XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

9      Pursuant to Local Rule 271 parties will need to lodge a

10 stipulation and proposed order requesting referral to the

11 Voluntary Dispute Resolution Program.

12      XIII.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

13      The parties are reminded that pursuant to Rule 16(b) of the

14 Federal Rules of Civil Procedure, the Pretrial Scheduling Order

15 shall not be modified except by leave of court upon a showing of

16 **good cause.**  Agreement by the parties pursuant to stipulation

17 alone to modify the Pretrial Scheduling Order does not constitute

18 good cause.  Except in extraordinary circumstances,

19 unavailability of witnesses or counsel will not constitute good

20 cause.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1        XIV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2        This Pretrial Scheduling Order will become final without

3   further order of the Court unless objections are filed within

4   seven (7) *court* days of service of this Order.

5        IT IS SO ORDERED.

6    Dated: December 10, 2009

7

8   _____

9                               MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12